## REDDISH v. GLAVIN.

(Supreme Court, Appellate Division, Third Department.   November 15, 1899.)

1. STATUTES—LOCAL ACT—REPEAL.

Under Laws 1875, c. 482, § 1, subd. 26, which confers on the board of supervisors powers of local legislation along certain lines, the board of Saratoga county, in 1889, passed a law providing that the supervisor, justices of the peace, and town clerk should constitute the town canvassing board. Laws 1893, c. 456, amending the town law, provided that the justices of the town and the town clerk should constitute the town canvassing board. *Held*, that the passage of the general law by the legislature, being inconsistent with the local law, repealed the latter, and that the supervisor was not a member of the canvassing board.

2. BOND—APPROVAL—MANDAMUS.

Where the law provides that the highway commissioner shall file a bond, to be approved by the supervisor before entering into office, the supervisor must pass on the sufficiency of a bond presented by one who has a certificate of election, but mandamus to the supervisor will direct him to approve such bond only if it be sufficient, and not unconditionally.

Appeal from special term, Saratoga county.

Application by Vincent Reddish for a writ of mandamus against James G. Glavin, requiring the respondent to approve the official bond of petitioner. From an order granting a peremptory writ, the respondent appeals. Modified.

It appears that, under subdivision 26 of section 1 of chapter 482 of the Laws of 1875, the board of supervisors of Saratoga county, in the year 1889, passed a law dividing the town of Waterford into two election districts. Such law of the board of supervisors provides that, after the canvass has been completed and the result ascertained in each election district, a statement be made by the inspectors of the number of votes cast for each candidate voted for in such election district; that one of their number shall deliver such statement to the town clerk of the town, who shall deliver such statement to the town board at its meeting; and further provides that "the supervisor, justices of the peace and town clerk of said town, shall meet at the office of the town clerk at 10 o'clock in the forenoon of the day next succeeding any town meeting, and open said statement in public, and then and there proceed to complete such canvass by adding all the statements from all the districts together, and declare the result, and the persons having the greatest number of votes, shall be declared elected to the office which they shall have been voted for." The relator was a candidate for highway commissioner of the town of Waterford, for the term of one year, at the election held in March, 1899. A controversy arose at the town meeting, or rather at the meeting of the canvassing board to canvass the returns from the several districts, over the result of such election. The supervisor, town clerk, and four justices of the peace met from time to time for the purpose of canvassing the vote. An injunction order appears to have been granted prohibiting the canvass of the vote, and the board adjourned from time to time, until finally the board, as so composed, met and attempted to canvass the vote and declare the result, but failed to do so by a tie vote, their number being equally divided. Thereupon the board, so composed, adjourned without day, and did not again meet. Thereafter the town clerk served notice upon the four justices of the peace to meet as a town board to canvass such statements. Two of the justices met with the town clerk, and proceeded to canvass the vote, declared the result, and certified to the same. The supervisor was not present, neither was he notified to be present, at such meeting. The relator filed his constitutional oath of office, prepared a bond, and presented it to the respondent, Glavin, who declined to approve of the same; whereupon these proceedings were instituted.

Argued before PARKER, P. J., and LANDON, HERRICK, PUT-
NAM, and MERWIN, JJ.

Lansing & Holmes (John B. Holmes, of counsel), for appellant.
Thomas O'Connor (J. W. Houghton, of counsel), for respondent.

HERRICK, J. The point at issue in this case is as to whether the
supervisor of the town of Waterford is a part of the canvassing
board to canvass the statements of votes cast in the different elec-
tion districts of such town. If he is legally a member of such board,
then a majority of such board was not present when such vote was
finally canvassed. If he was not a member, then all four justices
having been notified to be present, and two being present, they,
with the town clerk, constituted a majority of the board, and could
legally canvass the statements of votes at the preceding election.
Laws 1892, c. 677, § 19. It will be observed that the law of the
board of supervisors, which divided the town of Waterford into
election districts, provides that the supervisor shall be one of the
board of canvassers. By chapter 456 of the Laws of 1893, which is
an amendment to what is known as the "Town Law," it is provided
that, upon the application of 25 electors, the electors of any town
may determine, by ballot, at the annual or special town meeting,
that town meetings shall thereafter be held in the several election
districts of their town; and provides that, at the town elections
held in towns where they elect by election districts, the statements
of the result of the votes in each election district shall be delivered
to the "justices of the peace and town clerk of the town, who shall
convene and receive the same at the office of the town clerk, and
on the next day following the town meeting, at 10 o'clock in the
forenoon. Such justices and clerk shall then and there recanvass
such votes from the statements of the inspectors of the several,
separate or joint election districts so delivered to them." It will be
observed that the provisions of the town law, as to the composition
of the canvassing board, are inconsistent with the provisions of the
law of the board of supervisors of Saratoga county, as to the town
of Waterford, upon the same subject. The contention upon the
one part is that the town law, being a later and inconsistent stat-
ute, repeals the law passed by the board of supervisors. On the
other hand, it is contended that a general law does not repeal a
special or local law, unless the intention to so repeal is clearly mani-
fested in such general law.

The repeal of the law of 1875 (see chapter 686, p. 1798, Laws 1892),
under and by virtue of which the board of supervisors provided for
the holding of town elections in the town of Waterford by election
districts, does not affect such division of the town into election
districts, or the holding of town elections by election districts, be-
cause the provision of the law of 1875 and the town law are sub-
stantially the same in that respect. The provisions of the town
law, in that behalf, are to be construed as a continuation of the
former law. Laws 1890, c. 569, § 240. The town law provided for
dividing the towns into election districts, and holding town elections

by election districts, as did the law of 1875. The board of supervisors having divided such town into election districts, and provided for the holding of town elections by election districts, it is unnecessary to make a division and determination to that effect under the town law, because it is already done, and the law does not require a vain thing. The two laws are not inconsistent in these respects, but they are inconsistent as to the composition of the canvassing board. The town law was intended as a general law, applicable to each and every town of the state, and must be so applied, unless there is some legal, valid reason why it should not be. The powers of legislation granted to boards of supervisors do not empower them to pass laws inconsistent with the laws of the state. When they have passed laws upon which no state legislation existed, and the state legislature thereafter passes laws upon the same subject, inconsistent with those passed by boards of supervisors, the state law supersedes those passed by the boards of supervisors upon the same subject. The legislature may, by general laws, confer upon boards of supervisors powers of local legislation. Const. N. Y. art. 3, § 27. But when it does so, it is not a surrender of its own power over the same subject. Its power only lies dormant. It may resume it at any time, and take direct control of the subjects theretofore committed to the boards of supervisors. People v. Board Sup'rs of Queens Co., 112 N. Y. 585–588, 20 N. E. 549. This it may do in specific terms, or by general laws inconsistent with those passed by the supervisors upon the same subject. I am aware of the general rule that a general law does not repeal a special law, unless the intent to repeal it is clearly manifest. But I do not think that rule is applicable when general statutes of the state come into conflict with local statutes passed by boards of supervisors. The reason of the general rule cited is that it is presumed that there was some special or local reason why that special subject or locality should be taken out of the operation of the general law; or, if there was no general law upon the subject or applicable to that locality, that then there was some reason why a special, instead of a general, law should be passed, and that such reasons continue to exist, unless the legislature clearly manifests that they do not in their subsequently enacted general law. The same reasons would undoubtedly apply to general laws passed by boards of supervisors, when in conflict with special laws of their own adoption. But it seems to me manifest that such reasoning cannot apply to local laws passed by boards of supervisors, and general laws passed upon the same subject by the legislature of the state. It follows, therefore, that that portion of the law of the board of supervisors, constituting the board of canvassers for the town of Waterford, was repealed by the state law upon the same subject, and that the supervisor of the town is not a member of the board of canvassers, and that the town clerk and justices of the peace had authority to canvass the result of the election in question, and that, upon the production of a certificate of the result, it was the duty of the supervisor to pass upon the sufficiency of the bond presented to him by the relator.

The mandamus in this case, however, I think was too broad. It

directed the respondent to approve of the bond as presented. That left him no discretion to pass upon the sufficiency of the securities upon such bond. The mandamus should be modified so as to provide that the respondent approve of the relator's bond, provided the same be in proper form, and properly executed, and the sureties thereto sufficient; and, as so modified, the order should be affirmed, without costs of this appeal to either party. All concur.