(47 App. Div. 187.)

REDDISH v. GLAVIN.

(Supreme Court, Appellate Division, Third Department. January 8, 1900.)

1. MANDAMUS—STAY—VACATION.
Where a supreme court justice stayed a peremptory mandamus to compel a town supervisor to approve and file the bond of a highway commissioner holding over from a previous year, after such supervisor had taken an appeal from the order granting the writ, on the supervisor's applica-

tion, made 5 days after the service thereof, on condition that he should apply for a hearing of the appeal at the next term of the appellate division, and within 10 days execute and file an approved bond to pay all the costs on appeal adjudged against him, etc., and such undertaking was executed and ready for approval, it was error for a supreme court justice sitting at special term to vacate such stay before the expiration of the 10 days.

2. SAME—CONTEMPT—EX PARTE ORDER—APPEAL.

An appeal cannot be taken from an ex parte order of a justice of the supreme court at special term adjudging a person guilty of contempt, since it was appellant's duty to have applied to set such order aside, and appealed from a denial thereof.

Appeal from special term, Saratoga county.

Application of Vincent Reddish for mandamus against James H. Glavin, town supervisor, etc., in which said supervisor was adjudged guilty of contempt. From an order vacating a stay of the mandamus pending appeal, and from an order adjudging him guilty of contempt, Glavin appeals. Order vacating stay reversed, and appeal from contempt order dismissed.

At a special term at Canton on the 1st day of July, 1899, after a hearing in the above-entitled matter, an order was made directing that a peremptory writ of mandamus issue, directed to James H. Glavin, supervisor of the town of Waterford, commanding him to forthwith approve the bond of Vincent Reddish as highway commissioner of the town of Waterford, theretofore filed with him, and to file the same with the town clerk of that town. This order was entered in Saratoga county on August 3, 1899, and at same date a copy was served on the attorneys of Glavin. The writ was allowed on the 2d August, 1899, and was made returnable at a special term at Plattsburg on the 12th August. The writ was served on Glavin on August 4th. On the 9th August, Glavin, by his attorneys, served upon the attorney of Reddish, and filed with the county clerk, a notice of appeal to the appellate division from the order granting the writ, and upon the 10th August applied ex parte, upon affidavits, to Mr. Justice Edwards for an order staying all proceedings on the order and writ until the hearing and determination of the appeal. Such order was granted on condition that the appellant bring the appeal on to be heard at the next term of the appellate division, and that the appellant within 10 days from the date of the order execute and file in the office of the county clerk of Saratoga county an undertaking, approved by a justice of the court, conditioned that the appellant will pay all costs and damages awarded against him on the appeal, not exceeding $500, and will also pay the costs of the order appealed from in case the order is affirmed. This order was served upon the attorney of Reddish August 11th, at about 8 o'clock in the morning; and he on the same day obtained from a justice of the court an order for Glavin to show cause at a special term at Plattsburg on August 12th why the stay order should not be vacated,—it being stated in such order, as a ground for vacating the stay for irregularity, that it was not granted by a justice of the supreme court in the Fourth judicial district, or in a county adjoining Saratoga. This order to show cause, as required by its terms, was served on the attorneys for Glavin before 6 p. m. of the 11th August. At the special term at Plattsburg on the 12th August, upon the hearing on the order to show cause, an order was made vacating the stay of proceedings, and from this order Glavin appeals. At the same term, and on the same day, an order was made in and by which, after referring to the order of July 1, 1899, and its service, and the issuing of a mandamus accordingly, returnable at the term then being held, and after stating that the relator, Reddish, had filed proof of the due service of said writ on Glavin on the 4th August, 1899, and that it appeared to the court that Glavin had not obeyed the direction of the writ, and had omitted to make to the court, at that time and place, any return to the writ, or any excuse for such disobedience, and had not approved and filed the bond as required by the writ, it was, on motion of the attorney for the relator,

ordered that "James H. Glavin be, and hereby is, adjudged guilty of contempt of court, and that he be, and hereby is, fined the sum of fifty dollars, and be imprisoned in the common jail of the county of Saratoga until he obeys the command of said writ of peremptory mandamus, as he has heretofore been directed to do, and pays said fine of fifty dollars." It was further ordered that Glavin might purge himself of such contempt by paying said sum to the attorney of the relator and approving and filing the bond. From this order, which was entered August 14, 1899, Glavin appeals.

Argued before PARKER, P. J., and LANDON, HERRICK, and MERWIN, JJ.

Lansing & Holmes, for appellant.

Thos. O'Connor, for respondent.

MERWIN, J. There was not, we think, any sufficient ground for vacating the stay of proceedings. The ground of irregularity stated in the order to show cause is not here urged. By section 2089, Code Civ. Proc., the proceedings upon a writ of mandamus granted at special term may be stayed as in an action, by an order made by a judge of the court, but not by any other officer. The stay order here was made by a judge of the court. The relator was not injured by the delay. He was the acting highway commissioner, holding over from the prior year. There was no unreasonable delay by Glavin after being served with the writ before he took his appeal, and the conditions in the order staying proceedings fully protected the relator. An undertaking under the provisions of the order had been executed, and was ready for approval. A legal question of considerable importance was involved. See Reddish v. Glavin, 44 App. Div. ——, 60 N. Y. Supp. 1111. The stay should not have been vacated.

Upon the face of the order punishing the appellant for contempt, it does not appear that any notice of the application for the order was given to the appellant, or that there was any appearance by him. It is claimed by the appellant that he had no notice, or any opportunity to be heard in his defense, and that therefore the order was improperly made. The contempt charged was the failure of the appellant to obey the command of the writ and make a return. By the Code, § 2074, it is provided that the writ "must, before the expiration of the first day of the term at which it is returnable, be either delivered in open court, or filed in the office of the clerk of the county wherein the term is to be held." If, as seems to be the fact, the order punishing the appellant was made before the time for the appellant to deliver or file his return had expired, it was made prematurely, and therefore was irregular. The contempt charged was not for an act done in the presence of the court, and it is therefore difficult to see how, as claimed by the respondent, it could be punished summarily. The counsel refers to section 14 of the Code as giving authority to punish summarily. The practice as to notice in cases specified in section 14 is regulated by section 2266 et seq., and under those provisions it would seem that the appellant was entitled to notice, and that an order without notice would be irregular.

It is, however, claimed by the respondent that, as this order was ex parte, it is not appealable. There seems to be no answer to that proposition. In re Dunn (Sup.) 14 N. Y. Supp. 14. The remedy of the appellant was to move at special term to set it aside, and, if the relief then obtained was not satisfactory, he would be in a position to appeal.

Order vacating stay reversed, with $10 costs and disbursements. Appeal from order punishing for contempt dismissed, without prejudice to an application at special term for relief. All concur.