OPINION OF THE COURT
Myriam J. Altman, J.
Defendants are charged in a 37-count indictment with vari *574 ous offenses related to their alleged operation of the Mineshaft and Hellfire Social Clubs. Ten counts charge the defendants with misdemeanor tax offenses in violation of Tax Law § 1145 (b) (counts 6-9 and 18-21) and Administrative Code of the City of New York § R46-76.0 (1) (counts 29 and 32). Defendants move to dismiss those counts as barred by the two-year Statute of Limitations for misdemeanors (CPL 30.10 [2] [c]).[1] The People consent to dismissal of counts 6-9 and 18-21, but claim that counts 29 and 32 are governed by a three-year Statute of Limitations contained in the Administrative Code (§ R46-76.0 [2]). The issue presented on this motion is whether the State Legislature, by enacting the CPL in 1970, preempted the field of criminal procedure thereby invalidating preexisting sections of the Administrative Code. For the reasons stated below, I find that the provisions of the CPL apply and counts 29 and 32 are therefore dismissed.
When the State has preempted a field, local legislation in that area is invalid irrespective of whether the local law is inconsistent with State law or merely duplicates it (Consolidated Edison Co. v Town of Red Hook, 60 NY2d 99; Matter of Ames v Smoot, 98 AD2d 216, appeal dismissed 62 NY2d 804). The State’s intent to preempt a field may be express or it may be implied from State policy or a comprehensive statutory scheme (Robin v Incorporated Vil. of Hempstead, 30 NY2d 347, mot to vacate stay denied 30 NY2d 581; People v De Jesus, 54 NY2d 465). Consideration of the legislative history and the nature of the CPL reveals the State’s intent to preempt the field of criminal procedure.
In 1961, the State Legislature created the Temporary Commission on Revision of the Penal Law and Criminal Code (Commission) to revise both the substantive and procedural criminal law of this State. As a matter of policy, the Commission determined that it should completely reframe the law of criminal procedure which was then embodied in the Code of Criminal Procedure. This policy was "unanimously favored upon the theory that, when an ancient and outmoded house has a rotten foundation and structure, demolition and reconstruction, rather than repair, constitute the only satisfactory remedy” (Proposed New York Criminal Procedure Law, Temporary Commn on Rev of Penal Law and Criminal Code, *575 Commn Foreword, at XII [Sept. 1967]). After several drafts and extensive public hearings (see, Proposed New York Criminal Procedure Law, Temporary Commn on Rev of Penal Law and Criminal Code, Commn Foreword [Sept. 1969]), the Commission’s proposed bill passed the Legislature in 1970 and the CPL became effective September 1, 1971. In approving the legislation, Governor Nelson A. Rockefeller noted that the CPL "represents the State’s first comprehensive modernization of procedures for the administration of criminal justice in this century” and that upon its effective date New York would have "a complete system of criminal laws * * * carefully designed as an integrated framework for the effective administration of criminal justice” (1970 NY Legis Ann, at 533).
This complete and comprehensive revision resulted in detailed regulation by the State of all aspects of criminal procedure. CPL 1.10 (1) (a) provides, in relevant part, that the CPL shall apply "exclusively” to "[a]ll criminal actions and proceedings commenced upon or after the effective date” (see also, Denzer, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 1.10, pp 12-13 [1971]; Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 1.10, pp 10-12 [1981]). While the CPL retained some provisions of the former Code of Criminal Procedure, such as the two-year Statute of Limitations for misdemeanors, it is clear that the over-all intent of the Legislature was to enact a new and comprehensive procedural scheme which would govern all criminal actions in this State.[2]
Where the Legislature intended otherwise, it indicated so specifically. For example, certain sections of the Tax Law which predated the enactment of the Criminal Procedure Law contained a three-year Statute of Limitations for some misdemeanor tax violations "[notwithstanding the provisions of section one hundred forty-two of the Code of Criminal Procedure” (Tax Law former § 695 [b]; former § 1095 [b]). Effective the same date as the CPL, those sections of the Tax Law were *576 amended to substitute "section 30.10 of the criminal procedure law” for the language which referred to the former criminal code. Those amendments evidence the intent of the Legislature to carve out only specific exceptions to the general two-year statute.[3]
In contrast, neither the State nor the city acted with respect to the Administrative Code’s three-year statute until the State enacted the Omnibus Tax Equity and Enforcement Act of 1985 (L 1985, ch 65, as amended by L 1985, ch 765) which provided, in part, for a three-year statute for all tax misdemeanors defined in the Tax Law and the Administrative Code (CPL 30.10 [3] [d]).[4] Thus the legislative process itself demonstrates that CPL 30.10 (2) (c) superseded the three-year Statute of Limitations then contained in the Administrative Code (see, Matter of Reddish, 45 App Div 37). Accordingly, defendants’ motion to dismiss counts 29 and 32 is granted.

. Subsequent to the alleged commission of these offenses the CPL was amended to provide for a three-year Statute of Limitations for misdemeanor tax violations (30.10 [3] [d]).

. While the State has delegated some of its taxing power to local governments by permitting them to enact legislation regarding the levy, collection and administration of local taxes (NY Const, art IX, § 2 [c] [ii] [8]; Municipal Home Rule Law § 10 [1] [ii] [a] [8], [9]; see, Sonmax, Inc. v City of New York, 43 NY2d 253), the organization, administration and procedure of the courts remain a State function (Matter of 749 Broadway Realty Corp. v Boyland, 1 Misc 2d 575, affd 1 AD2d 819, affd 3 NY2d 737; see also, People v Doe, 84 AD2d 182, stay denied 55 NY2d 839; Matter of Siracusa, 125 Misc 882).

. The fact that the Administrative Code’s three-year statute may be consistent with these sections of the Tax Law is not determinative. As previously noted, when the State intends to preempt a field, consistency or inconsistency is irrelevant.

. I did not rely on the Practice Commentaries regarding the Omnibus Tax Equity and Enforcement Act of 1985. Those Commentaries state that the Act "extend[s] the statute of limitations for tax misdemeanors defined in the Tax Law and the New York City Administrative Code by one year so that it now will be three years” (Preiser, Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 1.20,1986 Pocket Part, p 17; see also, Preiser, Supplementary Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 30.10, 1986 Pocket Part, p 40). The Commentaries therefore imply that all tax misdemeanors were previously governed by a two-year statute. That implication, however, is inaccurate because, as noted, several sections of the Tax Law already contained a three-year Statute of Limitations.