OPINION OF THE COURT
Ira H. Wexner, J.
Motion by the defendant, by counsel, pursuant to CPL 440.20 and in the interest of justice, for an order to modify a sentence of this court dated April 15, 1991, is determined as hereinafter provided.
*346 The defendant, Avram Gurlakis, was indicted with numerous other defendants for conspiracy in the second degree, as it relates to numerous charges of drug trafficking, on or about November 5, 1987. Thereafter, on September 7, 1989 the defendant was permitted to plead guilty to attempted forgery in the second degree, a class E felony, under Penal Law § 170.10 (3) and § 110.00. On December 8, 1989 the defendant was sentenced to probation for a maximum term of five years.
Following his sentence the defendant was charged and pleaded guilty to conspiring to distribute and process with intent to distribute cocaine. The charge arose from criminal conduct of the defendant which occurred while he was awaiting sentence on the New York State charge. On January 28, 1991 a United States District Court for the Eastern District of New York sentenced Gurlakis to 60 months’ incarceration and four years’ supervised release.
Previous to Gurlakis’ plea and sentence in Federal court, the Nassau County Probation Department filed papers in this court alleging a violation of the term of the defendant’s probation on or about June 29, 1990.
Following numerous conferences with the Assistant District Attorney and defense counsel, a plea negotiation was made whereby the defendant would admit his violation of probation in exchange for a sentence by the court to an indeterminate period of incarceration of one to three years consecutive to the Federal jail term. On April 15, 1991 defendant Gurlakis pleaded guilty to the violation of probation and was sentenced by the court to the agreed upon plea.
Defendant, by counsel, now moves to set aside the sentence of the defendant and have the defendant resentenced. Counsel moves to have the sentence of the court run concurrently with the sentence of the Federal court, of which the defendant is scheduled to be released on or about May 5, 1994. Although citing CPL 440.20 as the grounds for his motion, defense counsel acknowledges the particular ground for his motion is not set forth in CPL 440.20 (1), which section specifically lists the grounds for the motion, but instead argues the court’s over-all inherent jurisdiction, and "in the interest of justice” under CPL 440.20 (3) grants authority to the sentencing County Court Judge to vacate and modify the sentence.
Defense counsel alleges the interest of justice would be served by modifying the sentence. It is contended that since the defendant, a father of a three-year-old child, is a model *347 prisoner under his Federal incarceration, it would serve no useful purpose to keep Gurlakis in the prison system. Counsel states that the defendant plans to marry his child’s mother and move back to Greece to begin a productive life under the guidance of his parents, who are the affluent owners of a business that employs approximately 400 employees in the defendant’s native Greece.
The People oppose the defendant’s motion contending the court is without jurisdiction to act on the motion and that the motion should be denied on the merits as well.
The governing statute for all procedures in the jurisdiction of criminal law is established in the New York CPL. (CPL 1.10 [1] [a].) The CPL, as well as its predecessor, the Code of Criminal Procedure, established the practice and procedure in all criminal cases and the authority for the orders and judgments of the courts, and unless a court can find some statutory justification for an order of the court, it does not exist. (Matter of Mollis v Cawse, 38 Misc 2d 179 [Crim Ct, Kings County 1963]; People v Bell, 132 Misc 2d 573 [Sup Ct, NY County 1986].)
Under CPL 440.20 (1), the court is limited in the grounds to set aside the sentence, to wit: that it was unauthorized, illegally imposed or otherwise invalid as a matter of law. The court finds none of these grounds relevant to the defendant’s instant motion. It has been held a court possesses no inherent authority to resentence a defendant to consecutive sentences, even when a court was incorrect in calculating parole time as a prior felony offender. (People v Riggins, 164 AD2d 797 [1st Dept 1990].) Therefore, the court is without authority in the case at bar to grant the defendant’s motion.
Assuming, arguendo, the court may consider the defendant’s motion "in the interest of justice”, the court denies this application. The court has examined the factors for motions in the furtherance of justice and finds no grounds to grant the defendant’s motion. (CPL 170.40, 210.40; People v Clayton, 41 AD2d 204 [2d Dept 1973].) There is no "compelling factor” to grant the defendant his extraordinary relief. (People v Field, 161 AD2d 660 [2d Dept 1990].)
Indeed, it is apparent defendant’s plea to the violation was a negotiated plea. It should be noted, in the defendant’s violation papers he was cited for his uncooperative behavior, as well as the Federal charge, and the Probation Department recommended the maximum sentence. Following several con *348 ferences, less than the maximum was given and the defendant was aware his Federal sentence would run consecutively, since he had been sentenced Federally only a few months before his New York State plea and sentence on the violation. (People v Todd, 173 AD2d 385 [1st Dept 1991], lv denied 78 NY2d 1082 [1991]; People v Foster, 120 AD2d 745 [2d Dept 1986], lv denied 68 NY2d 757 [1986].)
Accordingly, the motion of the defendant, by counsel, to set aside the sentence of the court, is denied in its entirety.