HERMAN BARTSCH, Plaintiff, v. JOHN RAGONETTI and HYGRADE BUILDERS' SUPPLY COMPANY, INC., Defendants.

Supreme Court, Kings Special Term, October 23, 1924.

Municipal corporations — zoning ordinances — action for injunction to restrain defendants from excavating sand upon property owned by them in violation of zoning ordinances of city of New York — use and permanency of structure criterion of reasonableness of ordinances — temporary structures, adjuncts to removal of sand, in residential district not within zoning restrictions — complaint dismissed on merits.

Zoning ordinances in force in the city of New York are not intended to prevent a temporary or occasional use of property which is not of a permanent nature. Their purpose is to regulate the construction and use of buildings upon the surface of the land in the particular manner in which the ordinances provide and not to prevent one owning real estate from taking from his property anything which is necessary or valuable which may exist under the surface thereof. The permanency of the structure and use thereof is the criterion of the reasonableness of the ordinances.

Accordingly, plaintiff's complaint in an action for a permanent injunction to certain provisions of the so-called zoning ordinances of the city of New York, restrain the defendants from excavating sand upon their property in violation of prohibiting introduction of business buildings in a residential district, should be dismissed on the merits, since it appears that the only structures on the land are of a temporary nature, such as small shanties, erected solely as adjuncts and accessories to the work of removing the sand.

ACTION for permanent injunction.

*William V. Burke*, for the plaintiff.

*Wechsler & Wechsler* (*Martin Wechsler*, of counsel) for the defendants.

BENEDICT, J. (orally). This is an action brought to obtain a permanent injunction to restrain the defendants from excavating sand upon property in the borough of Brooklyn, which is owned by one of them, namely, the defendant John Ragonetti, who apparently

is also the proprietor of the corporation which is the other defendant in the action, the Hygrade Builders' Supply Company, Inc.

I think there can be no doubt that excepting for the statute permitting cities of the state to create by resolution or ordinance zoning restrictions the plaintiff would not have any cause of action against the defendants.

The property upon which the operations which are complained of are conducted belongs to one of these defendants. Of course, it is a general principle of law that a man can do with his own property as he likes under the limitation which is embodied in the rule, *sic utere tuo ut alienum non lœdas,* and that he would have a perfect right to do as he pleased with this real property, fourteen acres or thereabouts, of which he is the owner, because there is no restrictive covenant shown which would prevent or regulate the use to which he might put it. Unless there is such a restrictive covenant which would be binding upon him, he, like every other owner of real estate, is free to use his property, aside from zoning restrictions, as he will.

Now, it is claimed here by the plaintiff in this action that the use which the defendants are making of the property in question is a violation of certain provisions of the ordinances of the city of New York, which are generally known as the " zoning ordinances." That is the question which is presented to the court for determination by this action.

In the Law Journal for to-day there is part of an article recently published by Hon. Edward M. Bassett, who is generally recognized as the best-known specialist in questions arising under the zoning laws and regulations in various states of this country, and who was the author of many of the acts which have been passed in this state, and of many resolutions or ordinances of the cities in this state, and who has written very learnedly on the general subject of the constitutionality and the purpose of zoning regulations. He says, in this article, among other things: " Zoning is doing its proper task and the courts are helping it along, but it cannot be stretched to cover the entire field of private restrictions." And then he goes on to show, under authorities in this and many of the other states in this country, that there are conditions under which zoning is constitutional as a lawful exercise of the police power, but that there are other conditions under which it invades the Constitution as being an attempt to deprive owners of real property of their rights of dominion over their real property without due compensation or in an unreasonable manner.

As I look at the zoning ordinances of New York city and other laws of similar character, it seems to me that their proper use is to pre-

vent people from permanently invading the rights of other property owners in the immediate vicinity of the property, which comes within the purview of the zoning laws, but in order that they may be reasonably construed I think it must be said that they are not intended to prevent any temporary or occasional use of a man's property which is not of a permanent character. It seems to me that if or when they do that they go beyond the proper province of the police power of the state.

I think that a man can excavate valuable material that happens to be on his own land and not thereby be held to have violated zoning regulations which provide for the permanent use of his property. If it were otherwise, a man who had a gold mine or an oil well on his property might not be allowed to get any benefit whatever from its presence thereon.

The proper object of zoning is to regulate the construction and use of erections upon the surface of the land in the particular manner in which the ordinance provides and not to prevent men owning real estate from taking from their property anything which is desirable or necessary or valuable that happens to exist under the surface of the property. The permanency of the structure and use is, in my judgment, the criterion of the reasonableness of the ordinance. If it were otherwise a man who chose to dig in his garden for the purpose of taking out top soil and selling it might be held to be invading the zoning ordinance, as either being engaged in business in a residence district, or as not making a proper use of his property such as the zoning ordinances might allow. I think that that would be carrying the zoning ordinances to an absurd and unreasonable length.

As I have said, what I think was the intention and is the intention and must be held to be the intention of the lawmakers in the passage of these resolutions is to prevent, in a residential district, for example, the permanent construction of buildings of a character which are not residential buildings exclusively intended for human habitation. If I am right in this theory, when a man owns land where, as in this case, there is a valuable market commodity, and he chooses to remove that and to replace it with something else — some other material — that will fill up the opening that is made in the process of removal, I do not believe that the law is justified in telling him that he may not do so.

It appears by the evidence in this case that there have been some structures of a temporary nature which have been erected by these defendants upon portions of this land, such as small shanties and a small office, or something of that kind, and that these may be thought or claimed to be violations of the pro-

visions of this zoning ordinance by the introduction of business buildings in a residential district. But, as before, they are not permanent in their nature; they are temporary and purely adjuncts and accessories to the work that is being prosecuted in the removal of sand from the defendants' land, and so I think they come within the same rule as regards the sand itself. When the sand shall have been removed and its place filled with earth, unquestionably these structures will not be permitted to remain there, and after their use has ceased, if the defendants choose to leave them there, resort may be had to the courts at that time to compel their removal.

For these reasons, which have only been stated in a very cursory way, and without any attempt at a lengthy revision, I shall have to hold that the plaintiff has not made out a cause of action such as is stated in the complaint, and, therefore, the complaint will be dismissed on the merits as not stating facts sufficient to constitute a cause of action, and as not being supported by a preponderance of the evidence in the case. I shall not grant costs on this dismissal. The parties may file with the court within three days, or by next Tuesday, October twenty-eighth, such requests for findings of fact and conclusions of law as they deem proper.

The defendants' attorney will present findings and a judgment in conformity with this oral opinion, and will present to the court with the judgment a copy thereof.