THE PEOPLE OF THE STATE OF NEW YORK ex rel. SAMUEL ORTEN-BERG and Another, Appellants, *v.* CHARLES F. BALES, Chief Inspector and Acting Superintendent of the Building Department, Borough of Queens, City of New York, Respondent.

Second Department, June 8, 1928.

*Clarence G. Bachrach,* for the appellants.

*Willard S. Allen* [*George P. Nicholson, Corporation Counsel, Robert J. Culhane* and *J. Joseph Lilly* with him on the brief], for the respondent.

KAPPER, J. Relators own a plot of ground in the borough of Queens on which they purposed to erect six one-story brick stores, and for the construction of which the respondent, as acting superintendent of the building department of the borough of Queens, on July 18, 1926, duly issued a permit. At that time the premises

were zoned by the Zoning Resolution of the City of New York as a business district and the use contemplated was legally permissible. On October 28, 1926, the zone was changed so as to take these premises out of a business district and incorporate them into a residence district. If nothing had been done by the relators beyond obtaining the permit, they would be obliged to suffer the effect of the zoning change with the result that the revocation of that permit which was attempted by the respondent on November 2, 1926, would have been lawful and effectual. But, between July 18, 1926, the date of the issuance of said permit, and October 28, 1926, the date of the change of zone, the relators sold a dwelling house which stood on the premises, for the purpose of having it removed, the tenant moving out on October fourth; a garage on the rear of the premises was taken down; a cesspool in the yard had been removed and paved in; and excavation for foundation work had been completed to the extent of a depth of seven feet over an area of approximately thirty-seven feet by forty-five feet, the plot itself measuring thirty-nine feet by one hundred feet. There were also contracts let, being respectively for brick work $2,300, for plumbing $1,820, for lumber $1,325, and for trim $453.50. There was some evidence on both sides regarding the footings for the foundation. The relators claimed that this foundation work was commenced several days prior to October 28, 1926, the respondent maintaining that this footing work was commenced a few days thereafter.

There was a trial of the issue of fact presented by the petition and the replying affidavits, which was brought on at a Trial Term. The parties waived a jury. The learned trial justice found as a matter of fact that " a large part of the lot had been excavated to a depth of six or seven feet " by October first, but that it was not until November first that " cement was brought there for the first time, with beams and lumber, to be used for the construction of the cradle for the footings." The conclusion reached was that as " no footings were put in until November 1st, 1926," the building could not be considered as " in course of construction on October 28th, 1926, the date of the amendment, which would have prevented the operation of the Zoning Resolution as amended, the amendment having changed it from a business zone to a residential zone." The learned justice said he based his decision upon *Matter of Fox Lane Corp.* v. *Mann* (243 N. Y. 550) and " particularly upon the dissenting opinion of Mr. Justice Scott in *People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Purdy,* 167 App. Div. 642, which was approved by the Court of Appeals in reversing the Appellate Division in the same case, in 216 N. Y. 704."

*Matter of Fox Lane Corp.* v. *Mann* (*supra*) was an appeal from this court (216 App. Div. 813). Our decision was based upon the ground that " no work had been commenced," the fact being that nothing whatever had been done upon the premises tending toward the commencement of building operations. In the report in our court the learned justice reporting, in distinguishing the case of *New York State Investing Co.* v. *Brady* (214 App. Div. 592), said: " In the case at bar, it is not pretended that any work had been commenced nor that any building or premises had been constructed or were in the course of construction at that time. In my opinion, therefore, the case last cited is no authority for the respondent."

In the *New York State Investing Co. Case* (*supra*) while the opinion states " that work had been undertaken under the contract and was in course of construction " (214 App. Div. at p. 599), the extent to which the work had been undertaken is not disclosed. It was held there that, because of such work as had been done plus the contract obligations, a permit vested such rights in the applicant as were not subject to destruction by a change in the theretofore permissible use. *City of Buffalo* v. *Chadeayne* (134 N. Y. 163) was relied on, and particularly so much of the opinion in that case as said (p. 165): "As soon as he entered upon the construction of the buildings and incurred liabilities for the work and material, he had a property interest in them. To this right he was entitled to protection."

The case of *People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Purdy* (*supra*) is so thoroughly explained by the Court of Appeals in *Bushey & Sons* v. *American Ins. Co.* (237 N. Y. 24, 28) that it suffices to show the distinction, as it seems to me, by quoting Judge POUND, viz.: " It was held in *People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Purdy* (216 N. Y. 704, reversing on dissenting opinion of SCOTT, J., 167 App. Div. 637, 642) that the digging of an excavation within which to erect a structure is not an act in the construction of a building. That case, however, involved the exemption from taxation of ' a building in the course of construction.' Plainly it was the intent of the Legislature to encourage building by exempting from taxation a building actually and literally in the course of construction, and this purpose would not be met by the mere excavation of a cellar."

It was further pointed out that the tax statute conferred " a privilege where the burden is upon the beneficiary to bring himself within the terms of the exemption." No privilege was conferred by the zoning laws upon a property owner when his theretofore permitted use was curtailed and limited. If there is to be a construction of the zoning laws as affecting the property owner, a

strict construction because in derogation of common-law rights would seem to me proper even though the zoning laws are not looked upon with disfavor but as properly within the exercise of the police power. Here the property owner is told that all that he has done, although in the best of faith, does not amount to the " commencement of work " so as to render ineffectual the change by subsequent amendment of law. Excavating to a full foundation depth over more than half of his land for building purposes is claimed to give him no rights, where had he excavated but a fraction of what he actually has done and had placed a foundation footing on some excavated spot he would be regarded as having commenced the construction of his building. The reasoning advanced does not persuade me that the result arrived at should be sustained. When a builder has gone so far under a lawful permit as not alone to enter upon various contracts but actually to make a substantial excavation on the land in reliance upon the permit when there is and can be no dispute about his intention, it would be a harsh rule not only to abrogate his contracts but also to say that he had not gone far enough in the work of construction to constitute a commencement of his work and so deprive him of the right to utilize his land in the lawful manner intended because some change of use had been thereafter promulgated.

In my opinion the order appealed from should be reversed upon the law and the facts, with costs, and judgment should be directed in favor of the relators granting their application for a peremptory mandamus order, with costs.

LAZANSKY, P. J., HAGARTY, CARSWELL and SCUDDER, JJ., concur.

Order reversed upon the law and the facts, with costs, and judgment directed in favor of the relators granting their application for a peremptory mandamus order, with costs.