SCHERING & GLATZ, INC., Respondent, *v.* AMERICAN
 PHARMACEUTICAL COMPANY, INC., et al., Appellants,
 Impleaded with Another.

(Argued January 25, 1933; decided March 14, 1933.)

*Albert T. Scharps* and *Louis Barnett* for appellants. The first and second counterclaims state facts sufficient to constitute causes of action against the plaintiff. (*Price-Hollister Co.* v. *Warford Corp.*, 18 Fed. Rep. [2d] 129; *International News Service* v. *Associated Press*, 248 U. S. 215; *Walters* v. *Clairemont Sterlized Egg Co.*, 242 N. Y. 521; *Dyer* v. *Broadway Central Bank*, 252 N. Y. 430.) The first and second counterclaims set forth causes of action which may properly be interposed as counterclaims. (*Ter Kuile* v. *Marsland*, 81 Hun, 420; *G. & H. Mfg. Co.* v. *Hall*, 61 N. Y. 226; *Carpenter* v. *Manhattan Life Ins. Co.*, 93 N. Y. 552; *New York Trust Co.* v. *American Realty Co.*, 215 App. Div. 416.) The third counterclaim states facts sufficient to constitute a cause of action for a declaratory judgment. (*Dowsey* v. *Village of Kensington*, 257 N. Y. 221; *Fidelity Co.* v. *Levine*, 248 N. Y. 551; *Bristol* v. *Woodward*, 251 N. Y. 275; *Dodge* v. *Campbell*, 233 App. Div. 471; *Westchester Mortgage Co.* v. *G. R. & I. R. R. Co.*, 246 N. Y. 194; *Morecraft* v. *Taylor*, 225 App. Div. 562; *National City Bank* v. *Waggoner*, 230 App. Div. 88; *Kelvin Eng. Co.* v. *Knott*, 212 App. Div. 413.) The third and fourth counterclaims set forth causes of action for declaratory judgments which may be properly interposed. (*Williams* v. *Tompkins, Inc.*, 208 App. Div. 574; *Padwick* v. *Scott*, 2 Ch. Div. 736; *Barber* v. *Blaiberg*, 19 Ch. Div. 73.) The fourth counterclaim sets forth facts sufficient to constitute a cause of action against the plaintiff and the impleaded defendant. (*United States* v. *Chemical Foundation, Inc.*, 272 U. S. 1; *Chemical Foundation, Inc.*, v. *Du Pont Co.*, 29 Fed. Rep. [2d] 597; *Cocoa Cola Co.* v. *Butler Co.*, 229 Fed. Rep. 224; *Cocoa Cola Bottling Co.*

v. *Cocoa Cola Co.*, 269 Fed. Rep. 796; *Knight, Inc.*, v. *Millner & Co.*, 283 Fed. Rep. 816; *Baldwin* v. *Von Micherowe*, 25 N. Y. Supp. 857; 83 Hun, 43; *Place* v. *Minster*, 65 N. Y. 89.)

*Fritz* v. *Briesen* for respondent. The first and second counterclaims do not state facts sufficient to constitute causes of action. (*McCartney* v. *Bostwick*, 32 N. Y. 52; *People* v. *Bloom*, 193 N. Y. 1; *Churchill* v. *St. George Development Co.*, 174 App. Div. 1; *Dagood Holding Corp.* v. *Rosenbluth*, 231 App. Div. 470; *Syracuse* v. *Hogan*, 234 N. Y. 457; *Marlin Fire Arms Co.* v. *Shields*, 171 N. Y. 384; *Seeck & Kade, Inc.*, v. *Pertussin Chemical Co.*, 235 App. Div. 251; *Oil Conservation Eng. Co.* v. *Brooks Eng. Co.*, 52 Fed. Rep. [2d] 783; *Walters* v. *Clairemont Sterlized Egg Co.*, 242 N. Y. 521; *Corning Glass Works* v. *Corning*, 197 N. Y. 173; *Howe Scale Co.* v. *Wyckoff*, 198 U. S. 118; *Kendall* v. *Stone*, 5 N. Y. 14; *Childs* v. *Tuttle*, 48 Hun, 228; *Reporters' Assn.* v. *Sun Printing & Pub. Assn.*, 186 N. Y. 437; *Bell* v. *Heatherton*, 66 App. Div. 603; *Clark* v. *Dillon*, 97 N. Y. 371.) The first and second counterclaims are improperly interposed as counterclaims. (*Glen & Hall Mfg. Co.* v. *Hall*, 61 N. Y. 226; *Rothschild* v. *Whitman*, 132 N. Y. 472; *Uvalde Asphalt Paving Co.* v. *Morgan Contracting Co.*, 120 App. Div. 498; *Lundine* v. *Callaghan*, 82 App. Div. 621; *Jacobs* v. *Mulford*, 197 App. Div. 835.) The third and fourth counterclaims fail to state facts sufficient to constitute causes of action for declaratory judgments. (*Seeck & Kade, Inc.*, v. *Pertussin Chemical Co.*, 235 App. Div. 251; *Brigham* v. *Brigham Hospital*, 134 Fed. Rep. 513; *Falk* v. *American West Indies Trading Co.*, 180 N. Y. 445; *MacMahon Pharmacal Co.* v. *Denver Chemical Mfg. Co.*, 113 Fed. Rep. 468.)

*Seward Davis* for The Chemical Foundation, Incorporated, *amicus curiæ*.

*Per Curiam.* In respect to the first and second counter-claims, we think that they set up sufficient facts to constitute causes of action to restrain acts of unfair competition; that they were properly interposed, not-withstanding the fact that they seek to restrain the plaintiff from interfering with its sales of " other products " than suppositories, since such interference is " connected with the subject matter of the action." In respect to the third and fourth counterclaims, they present facts which might properly call for declaratory judgments in respect to the question whether or not the interpleaded defendant held the trade-mark and trade-mark rights for the benefit of the public, so that neither the plaintiff nor the other defendants had exclusive rights to the use thereof.

The order of the Appellate Division should be reversed, and that of the Special Term affirmed, with costs in this court and in the Appellate Division. All of the questions certified are answered in the affirmative except question seven, which is answered in the negative.

POUND, Ch. J., CRANE, KELLOGG, O'BRIEN, HUBBS and CROUCH, JJ., concur; LEHMAN, J., dissents.

Ordered accordingly.