TOWN OF HARRISON, Plaintiff, *v.* SUNNY RIDGE BUILDERS, INC.. and Others, Defendants.*

Supreme Court, Westchester County, October 13, 1938.

*John J. Di Sesa,* for the plaintiff.

*Solomon Rothfeld,* for the defendants.

* See, also, 170 Misc. 161; *City of White Plains* v. *Griffen* (169 Misc. 706).

DAVIS, J.   Pending the determination of an action for a permanent injunction the plaintiff seeks to restrain the defendants from the removal of top soil to the depth of approximately twelve inches which is to be delivered to the World's Fair grounds.

The property in question consists of approximately twenty-five acres of land which heretofore was in the process of development for residential purposes and is at present zoned as residence A.

Upon the argument counsel for the town sought to impress upon the court that the continuance of such operations would be offensive to the eye and mar the natural beauty of the landscape.   The court is not unmindful of the fact that operations of this character are being carried on wholesale throughout Westchester county nor is the court unmindful of the fact that the result will be at least temporarily displeasing to its residents.   It may be that such disposition of top soil constitutes an unneighborly act, but whether the foregoing be true or not the court is bound to respect the rights of the owner in his property.

The *first* proposition urged is that the land in question is highly restricted by reason of covenants between the grantors and grantees. The property owners, however, are not parties to this litigation and the town-plaintiff cannot take advantage of these private agreements.

*Second*, the plaintiff says that the operation constitutes a nuisance. There is nothing before this court to bear out that contention.

*Third*, it is urged that there are unpaid taxes in a considerable amount which constitute a lien.   This is not an action for waste and there is nothing before the court upon which it could determine that irreparable damage and injury would result from the removal of this top soil which would afford the court the right to have recourse to its inherent equitable powers.

Lastly, it is urged that the acts of the defendants constitute a violation of the zoning ordinances.   The defendants do not contemplate the erection of any permanent structures upon this land nor is there any evidence that they propose to conduct permanent business operations thereon.   I agree with the reasoning of Mr. Justice BENEDICT in the case of *Bartsch* v. *Ragonetti* (123 Misc. 903), and I am, therefore, compelled to hold that the zoning ordinances in question do not apply.

The motion is denied, without costs.   Settle order on two days' notice.