TOWN OF HARRISON, Plaintiff, *v.* SUNNY RIDGE BUILDERS, INC., and Others, Defendants, and BENJAMIN I. TAYLOR, Supervisor of the Town of Harrison, and Others, Impleaded Defendants.

Supreme Court, Westchester County, November 12, 1938.

*John J. Di Sesa*, for the plaintiff.

*Solomon Rothfeld*, for the defendant Sunny Ridge Builders, Inc.

*Benjamin I. Taylor*, for the impleaded defendants.

PATTERSON, J. This action was instituted by the plaintiff to enjoin the defendants named from removing top soil from certain premises in the town of Harrison, claiming a violation of the zoning ordinances of the town. On a motion for a temporary injunction, Mr. Justice DAVIS held that the act of the defendant in removing the top soil was not a violation of the zoning ordinance and denied a temporary injunction (169 Misc. 471). With Judge DAVIS' determination I am in complete accord.

In answering the complaint herein, the defendants originally named brought in as parties to answer the counterclaim interposed by them, Benjamin I. Taylor, as supervisor of the town of Harrison, Basil E. Bradner, building inspector of the town of Harrison, and Charles Connor, chief of police of the town of Harrison.

The counterclaim, after a denial of the pertinent allegations of the complaint, sets up a cause of action against the plaintiff and the defendants, the town officials, asking first that the complaint be dismissed, and an injunction be issued pending the trial to be made permanent, restraining and enjoining the plaintiff and the said town officials, their agents, servants and employees from taking any steps or proceedings to arrest, attempt to arrest, prosecute or threaten to prosecute, enforce or attempt to enforce chapter 35 of the general ordinances of the town of Harrison, or in any manner interfering with the defendants in removing and stripping top soil from any lot or piece of land in the town of Harrison. The instant motion is one for a temporary injunction under the counterclaim interposed by the defendants.

The plaintiff makes a cross-motion for an order dismissing the counterclaim contained in defendants' answer on the ground that it is not one which may be properly interposed in the action, as it does not set forth a cause of action arising out of the transaction set forth in the complaint. The defendants Benjamin I. Taylor, as supervisor of the town of Harrison, and Basil E. Bradner, as building inspector, and Charles Connor, as chief of police of the town, each make motions for an order striking their names out as parties defendant on the ground the court has no jurisdiction of them or over the subject-matter of this proceeding, and they are improperly joined as parties defendant and further that the counterclaim does not state facts sufficient to constitute a cause of action. They appear specially for the purpose of this motion.

As to the sufficiency of the counterclaim. As stated above, the town, in this action, seeks to enjoin the defendants from violating a zoning ordinance of the town. Subsequent to instituting this action, the board enacted an ordinance known as chapter 35 of the general ordinances of the town, the purport of which, indeed, the wording of which, is to forbid the making of excavations, removal of sand, stone, gravel, earth or top soil, in cases where the plans and specifications have not been filed and a permit obtained as provided in the building zone ordinance and other ordinances of the town. This ordinance is entirely separate from that having to do with the enactment of the zoning ordinance.

The effect of the ordinance is to prevent any one from excavating or removing sand, stone, gravel, earth or top soil except where a permit has been obtained therefor, and it seems to be applicable only to any plot or parcel of land containing five acres or less or upon that portion of any plot of land in excess of five acres within 1,000 feet from any street line or public highway. Violation of the ordinance is declared to be a misdemeanor.

On September 7, 1938, the building inspector of the town, one of the defendants brought in on this counterclaim, swore out a warrant against the defendant Noto and his employees for an alleged violation of the building zone ordinance of the town. They were arrested, admitted to bail, and thereafter acquitted of a violation of the ordinance.

*First*, is the ordinance last adopted, prohibiting the removal of top soil, a valid exercise of the police power? In my opinion it is not. It is not contended that its enforcement will promote either the public safety, health, morals or general welfare of the people of the town. The removal of top soil from large acreages or plots immediately adjoining a residential section otherwise highly restricted, undoubtedly affects the æsthetic sense, but there seems

to be a dearth of authority that statutes or ordinances can be passed when æsthetic reasons are their sole purpose. Not only does the ordinance prohibit the removal of top soil, but it prohibits the excavation upon, or removal of sand, stone, earth and gravel from any land in the town under certain conditions. The general proposition must still pertain, in spite of the serious incursions made upon it by recent legislation, that the owner of property has a constitutional right to make any use of it that he desires so long as it does not affect the safety, health comfort or general welfare of the community. It is not even contended here that the removal of the top soil constitutes a nuisance. It has been held that an ordinance to preserve the vista to private property cannot be justified under the police power. (*Isenbarth v. Bartnett,* 206 App. Div. 546.)

There is no claim here of waste or depreciation of property values. In any event, this is not an action for waste.

The Town Law authorizes the passing of ordinances not inconsistent with law for the promotion of the public health, welfare, safety and morals of the community, including the protection and preservation of the property of the town and its inhabitants and of peace and good order, the benefit of trade and all other matters related thereto in so far as the same shall not be inconsistent with existing law.

A statute prohibiting the excavation of sand, stone, gravel and top soil of itself is an unconstitutional exercise of legislative power. (See *Bartsch* v. *Ragonette,* 123 Misc. 903; affd., 214 App. Div. 799; *People* v. *Linabury,* 209 N. Y. Supp. 126.)

The authorities of other jurisdictions are consistent therewith, namely, *Pennsylvania Coal Co.* v. *Mahon* (260 U. S. 393); *People* v. *Hawley* (207 Cal. 395; 279 P. 136); *Stone* v. *Kendall* ([Tex. Civ. App.] 268 S. W. 759); *Lamb* v. *McKee, Inc.* (10 N. J. Misc. 649; 160 A. 563).

The ordinance in question was adopted September 28, 1938, and it is sought to give it retroactive effect. Our courts have consistently held that legislation in the form of statutes or ordinances cannot be given retroactive effect especially when such construction will clearly interfere with and violate vested property interests. (*City of Buffalo* v. *Chadeayne,* 134 N. Y. 163, 166; *People ex rel. Ortenberg* v. *Bales,* 224 App. Div. 87; *Rice* v. *Van Vranken,* 225 id. 179.)

It is undoubtedly a rule of construction that statutes are construed as having only a prospective operation and not as operating retrospectively. Here the defendants had obtained vested rights prior to the enactment of the ordinances. The top soil in question was purchased on August 3, 1938. It is alleged and not disputed

that $2,900 was paid therefor. Equipment was moved to the property at an additional expense. The defendant Noto entered into a contract with third parties for the delivery of the top soil, all prior to the enactment of the statute. The ordinance is clearly retroactive in its application to the defendant Noto.

It is my opinion that the ordinance cannot be upheld as a proper exercise of the police power.

As to the motion of the plaintiff to dismiss the counterclaim on the ground that it does not set forth a cause of action arising out of the transaction or connected with the subject-matter of the action. As I understand section 266 of the Civil Practice Act, as added by chapter 324 of the Laws of 1936, a counterclaim may now be any cause of action in favor of the defendants or some of them against the plaintiffs or some of them. Prior to the amendment, a counterclaim must have been a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim. That no longer seems to pertain. The defendant goes further and argues that the counterclaim alleged by the defendants herein does arise out of the same transaction and is connected with the subject-matter of the action.

The case of *Schering & Glatz, Inc.*, v. *American Pharm. Co.* (261 N. Y. 304) seems to be authority for this.

The remaining question is, are the defendants brought in to answer the counterclaim properly joined as parties defendant and has the court jurisdiction of them? Generally, the jurisdiction of the Supreme Court of the State is wide enough to cover any and all causes of action and any and all persons within its jurisdiction. They further object that the original defendants did not state facts sufficient to constitute a cause of action in their counterclaim against the parties brought in to answer the counterclaim and that the court has no jurisdiction over the subject-matter of this proceeding. This is apparently pursuant to rule 109 of the Rules of Civil Practice. That rule clearly would seem to provide that any objection to the answer can only be made by the plaintiff and not by the defendant brought in to answer a counterclaim. I think the provision of section 271 of the Civil Practice Act is adequate authority for joining the defendants, brought in to answer the counterclaim.

It is my opinion that the counterclaim states a cause of action, and the motion of the defendant to dismiss the same is denied.

It is my further opinion that the moving defendants are entitled to an injunction pending trial against the town of Harrison, its agents, servants, employees, from taking any steps or proceedings to arrest, threaten to arrest, prosecute or threaten to prosecute,

enforce or attempt to enforce chapter 35 of the general ordinances of the town of Harrison or in any way to interfere with the defendants Sunny Ridge Builders, Inc., H. & S. Sonn, Inc., A. M. J. Realty Corp. and Joseph Noto from removing, scraping, stripping or excavating top soil from any lot, parcel or piece of land in the town of Harrison.