THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ANDREW SESSANO, Appellant.

Court of Special Sessions of City of New York, Appellate Part, Second Department, June 25, 1941.

*Benjamin Barondess*, for the appellant.

*William C. Chanler, Corporation Counsel* [*William Mason Smith, Jr.,* and *Irving Galt* of counsel], for the respondent.

BAYES, Ch. J. Appeal by defendant from judgment rendered December 30, 1940, in the Magistrates' Court of the City of New York, Part 2, Borough of Queens, convicting defendant of a violation of section C26–388.0 of the Administrative Code of the City of New York.

The complaint charged that " On the 27th day of November, 1940, at the City and County aforesaid one, Andrew Sessano (now here) did unlawfully while excavating did remove top soil from vacant lot at 231st Street and 115th Avenue, St. Albans, this Borough, without the requisite permit from the proper authorities * * * " in violation of chapter and section above stated.

Section C26–388.0 of the Administrative Code provides as follows:

" Section C26–388.0. Excavations other than for construction purposes.

" a. An excavation made for the purpose of taking soil, earth, sand, gravel, or other material shall be made in such a manner as will prevent injury to neighboring properties, to the street which adjoins the lot where such excavation is made, and to the public health and comfort.

" b. Such excavations shall not be commenced until a permit therefor has been obtained from the superintendent.

" c. Applications for permits shall be in such form as may be prescribed by the commissioner and shall be accompanied by a plot plan on which is indicated the location of the plot, the exact location of the proposed excavation and the area and depth of the excavation.

" d. Permits for the operation of such excavations shall be issued only upon proof by the applicant that the land is free from any lien for unpaid city taxes, assessments, water rates, bail bonds and judgments obtained by the city. In addition, if the owner shall be under legal age the consent of the surrogate's court must be submitted. If there is an unpaid mortgage upon the property, the consent of the mortgagee must also be submitted.

" e. It shall be unlawful for any such excavation to exceed a depth greater than ten feet below the grade of the street or streets adjacent thereto, as may have been established by the board of estimate and shown upon the city map, unless the side walls of such excavation be maintained at an incline of not less than forty-five degrees from horizontal or the side walls be supported by piling or other retaining equipment equal to that specified for building excavations.

" f. Such excavation shall be properly drained as long as the excavation remains.

" g. Any such abandoned excavation which shall become unsafe, menacing or dangerous to life or limb, shall be filled in by the owner, as the superintendent may require, with clean ashes, sand or earth or otherwise made safe and secure.

" h. Any person who shall violate any provision of this section, upon conviction thereof, shall be punished by a fine of not more than five hundred dollars or by imprisonment of not more than three months or both.

" i. If any provision of this section shall be held invalid or ineffective in whole or in part or inapplicable to any person or situation, it is the purpose and intent of this section that all other provisions thereof shall nevertheless be separately and fully effective and that the application of any such provision to other persons or situations shall not be affected."

The facts are not in dispute. It appears that in July, 1940, an agreement was entered into between the owners of approximately seven and one-half acres situate adjacent to the Belt Parkway, St. Albans, in Queens county, and the defendant Andrew Sessano, whereby the owners sold to Sessano for the sum of $1,225 the entire amount of topsoil on said acreage. The contract of sale which was received in evidence provided that no more than twelve inches should be removed from any one spot.

Appellant challenges the above-quoted section of the Administrative Code on the ground that it is unconstitutional, as taking property without compensation. This raises the question as to what extent unimproved property of the character herein involved, situate within the city limits of the city of New York, may be subject to regulation in the interest of persons other than the owners. Appellant points out that the seven and one-half acres comprise an area of approximately 500 by 300 feet in size; that the nearest house is from 400 to 500 feet distant; that this parcel is surrounded by other land comprised within a fifty-acre tract owned by the vendors of the topsoil; that there is no mortgage lien on the property and that all taxes to the city were paid up to the time of the trial except for the then current one-half yearly installment. Appellant contends that since the land is part of a vacant vegetable farm located at the outskirts of St. Albans, a suburb within the city of New York, with a sparse population in the immediate vicinity, and is from one to two and one-half feet above the grade of the nearest city street, the restriction contained in the Administrative Code is unjustified, unreasonable and unconstitutional.

It is conceded that on November 27, 1940, and prior thereto, defendant did remove top soil from the land in question without

having a permit therefor. It is also conceded that an application for the permit had been made and denied on the ground that the location was in a residential district where the removal of topsoil was prohibited by a zoning resolution.

The reason for the denial as set forth in defendant's Exhibit B is " Indicate compliance with section 8.2.6 of Building Code and article 2, section 3 of the Zoning Resolutions."

Section 8.2.6 of the Building Code is the local law which by its terms requires a permit. Section 3 of article 2 of the Zoning Resolutions prohibits any excavating in a B residential district, except for the making of a cellar or to grade a new street.

Having applied for and been denied a permit, defendant apparently chose not to seek by mandamus to compel the granting of a permit, but to proceed to remove the topsoil in reliance upon his assumed constitutional right to use his own property in such manner as he might see fit. Of course if said section C26–388.0 of the Administrative Code is unconstitutional this prosecution must fail. In support of his position defendant cites the following cases: *Bartsch* v. *Ragonetti* (123 Misc. 903 [1924]; affd., without opinion, 214 App. Div. 799); *People* v. *Linabury* (209 N. Y. Supp. 126 [1924]); *Town of Harrison* v. *Sunny Ridge Builders, Inc.* (169 Misc. 471 [1938]; 170 id. 161 [1938]); *Lizza & Sons, Inc.,* v. *Town of Hempstead* (175 id. 383 [1940]), and *Prentice* v. *Weston* (111 N. Y 460 [1888]).

The case of *Bartsch* v. *Ragonetti* (*supra*) merely denied an injunction in an action brought to restrain the defendant from excavating sand on property in Brooklyn owned by one of the defendants. It dea't with zoning regulations and not, as in the instant case, with a statute forbidding the excavation of soil without the issuance of a permit. It construed and limited the zoning regulations as prohibiting the introduction of business buildings in a residential district.

*People* v. *Linabury* (*supra*) was decided at the Westchester County Court upon an appeal from a judgment of the Court of Special Sessions of Yonkers convicting the defendant of a violation of a zoning ordinance. The defendant, as president of the Gramatan Coal and Supply Company, sold, in wholesale quantities, sand taken from lots situate in a residential district.

By its express terms the ordinance was enacted " for the purpose of regulating and restricting the location of trades and industries and the location of buildings designed for specific uses." The ordinance divided the city of Yonkers into four classes of districts, viz., residence, business, industrial and heavy industrial. The ordinance did not undertake to deal with the subject of sand

removal, the court stating (at p. 129): " I am satisfied it was never intended by this ordinance that business of the nature complained of should be regulated."

In *Town of Harrison* v. *Sunny Ridge Builders, Inc.* (*supra*), the Supreme Court at Special Term, Westchester County, denied a motion by the town for an injunction *pendente lite* to restrain the removal of topsoil. The basis of the action was, as in *People* v. *Linabury* (*supra*), a town zoning resolution relied upon to prevent the removal of topsoil in a residential district. In its opinion the court cites and approves the reasoning of BENEDICT, J., in *Bartsch* v. *Ragonetti* (*supra*). The decision, however, rests upon the proposition that the acts of the defendants did not constitute a violation of the zoning ordinances. At page 472 the court states: " The defendants do not contemplate the erection of any permanent structures upon this land nor is there any evidence that they propose to conduct permanent business operations thereon." This same case (170 Misc. 161) came before the Westchester Special Term of the Supreme Court a few weeks later upon a motion for a temporary injunction under defendant's counterclaim. The court also passed upon an ordinance enacted by the town board after the commencement of the action, preventing the excavation or removal of sand, stone, gravel, earth or topsoil, except upon a permit therefor. By its terms the ordinance was limited to plots or parcels containing five acres or less. Violation of the ordinance was declared to be a misdemeanor. The court held the ordinance was not, under the circumstances, a valid exercise of the police power and approved the denial of the temporary injunction theretofore sought by the town and in addition granted defendants an injunction, pending trial, preventing the town of Harrison from enforcing the ordinance. The effect of the decision was to hold that the ordinance prohibiting the removal of topsoil constituted an invalid exercise of the police power.

*Lizza & Sons, Inc.,* v. *Town of Hempstead* (*supra*) involved an ordinance prohibiting the removal of topsoil from any land in the town of Hempstead to any land outside the county of Nassau, and also prohibiting the removal of topsoil to any other land within the county of Nassau unless a permit was obtained therefor. The court in granting judgment restraining the enforcement of the ordinance held it to be discriminatory and unnecessary to safeguard the public interests.

The case of *Prentice* v. *Weston* (*supra*) upheld a tax law of Lewis county which prevented the owner from stripping his property of timber after the tax collector had been unable to find personal

property from which to satisfy tax arrears and had filed his return with the county treasurer.

Of course none of the foregoing decisions can be cited as authority beyond the issues actually before and passed upon by the court. The two cases which most strongly support appellant's contentions are *Town of Harrison* v. *Sunny Ridge Builders, Inc.* (*supra*) and *Lizza & Sons, Inc.*, v. *Town of Hempstead* (*supra*). There is, however, an important factor that inheres in the instant case as against the two last above mentioned, viz., that the land affected by defendant's removal of topsoil lies wholly within the confines of the city of New York. After all, the rights of individuals are relative, not absolute. In a fast-growing community of approximately 7,500,000 people greater care must be taken to protect the health and welfare of the individual than in areas less densely populated. Unless the provisions of the Administrative Code here under consideration are not within the police power properly to be exercised by the city they should be declared unconstitutional and void. In our opinion, however, this is a case in which the personal interest of the few must yield to that of the many. Accordingly we hold that the provisions in question are constitutional and constitute a valid exercise of the police power. Having reached that conclusion, and it being admitted that defendant did not have a permit, his conviction must be sustained. Defendant realizes that the removal of topsoil is not prohibited, but contends that since his application for a permit was denied he is confronted by " an absolute wall " in case his conviction is sustained. This, it would seem, overlooks the fact that there are courts of competent jurisdiction which may, in proper cases, grant injunctive relief.

The judgment should be affirmed.

PERLMAN and WIEBOLDT, JJ., concur.