In the Matter of the Application of GOLDEN CITY PARK CORPORATION, Petitioner, Respondent, for a Certiorari Order against BOARD OF STANDARDS AND APPEALS OF THE CITY OF NEW YORK and HARRIS H. MURDOCK and Others, as Members of the Said Board of Standards and Appeals, Appellants.

Second Department, December 8, 1941.

*James Hall Prothero* [*William C. Chanler, Corporation Counsel, Stanley Buchsbaum* and *Rose Schneph* with him on the brief], for the appellants.

*William Bradford Roulstone* [*Adam Frank* and *Paul R. Rutheiser* with him on the brief], for the respondent.

CLOSE, J. Certiorari proceeding to review a determination of the board of standards and appeals of the city of New York, which revoked a permit previously issued to the petitioner for the removal to a new location of a carousel inclosure.

Prior to May, 1938, petitioner was the owner of a parcel of land on Rockaway Parkway, borough of Brooklyn, on which it operated certain amusement devices including a carousel. The land and improvements together were assessed at $365,000. Taxes and assessments in a substantial amount were unpaid. In May, 1938, the city of New York, which was acquiring land for the Shore Parkway section of the Belt Parkway, purchased the petitioner's land for $290,000. Petitioner retained title to the buildings and reserved the right to remove them. Petitioner thereupon leased a nearby parcel of land which was then in a business zone. On June 9, 1938, a petition was filed with the city planning commission to change the zoning of the latter property from business to residence. No further action was taken on the proposed change at that time. In August the petitioner commenced to fill and grade the new location, and the record contains an unsworn statement by counsel that $10,000 was expended for this purpose. On September twentieth petitioner made application to the borough superintendent of buildings for a permit to erect a foundation for a carousel inclosure and to remove the inclosure to the new location. Without waiting for the permit it commenced the removal of the building and was stopped by the filing of a violation on September twenty-eighth. Issuance of the permit was delayed because the structure was of frame construction and the premises were within the fire limits. On October fourteenth the permit was issued and the work proceeded. Foundation piles were driven, the structure was moved over the footings, leveled and shored up, and forms were constructed for the footings. The work was nearly completed by November tenth when all work was halted

by the proceedings for a change of zone. Notice of the proposed change was first published on October sixth. A public hearing was held on October nineteenth, at which petitioner, by counsel, appeared in opposition. On October twenty-sixth the planning commission approved the zoning change and forwarded its resolution to the board of estimate. On November second the park department appealed to the board of standards and appeals from the ruling of the borough superintendent granting the permit. On November seventeenth the board of estimate approved the change to a residence zone, which thereupon became effective. On December thirteenth the board of standards and appeals, after a hearing held and an inspection of the premises, revoked the permit.

The Special Term annulled the determination under review on the theory that in purchasing the land alone at a price lower than that originally demanded for the land and improvements together the city had agreed, expressly or by implication, that the petitioner might remove the buildings to any location it chose without restriction. That theory is wholly untenable. There is no proof of any such agreement. Petitioner was not free to remove any structure to a location in which the construction or operation of such a structure was forbidden by law. The removal of the carousel inclosure to the new location was illegal and the issuance of the permit by the borough superintendent was improper for the reason that the premises were within the fire limits as defined by section C26–246.0 of the Administrative Code, and the construction of wood frame buildings within the fire limits is prohibited by section C26–247.0. Assuming, without deciding, that section C26–543.0 was intended to provide an exception in the case of amusement devices and other frame structures of unusual character, such exception would not be material here because the carousel inclosure was not an amusement device. It could have been used for other purposes. The petitioner was also bound by the change of zoning. It acquired no vested right unless substantial expenditures had been made or obligations incurred prior to the change. (*Matter of Fox Lane Corporation* v. *Mann*, 216 App. Div. 813; affd., 243 N. Y. 550.) The assertion that $10,000 had been expended for fill is unsupported by satisfactory proof; but in any event there is no necessary connection between the filling of the lot and its use for the special purpose described in this proceeding. As to the work done after the issuance of the permit, there is no proof of its value. While that work was being done the petitioner was aware of the impending change in the zoning ordinance. Some of the work was done after the change in zoning

had been approved by the planning commission. (Cf. *Matter of Tralow Realty Corp.* v. *Murdock*, 261 App. Div. 173.) Under all the circumstances it cannot be inferred that the petitioner acquired a vested right.

The order, entered on reargument, adhering to the original decision which annulled the determination under review and denied appellants' motion to dismiss the certiorari order, should be reversed on the law and the facts, with fifty dollars costs and disbursements, the motion granted, the proceeding dismissed, and the determination of the board of standards and appeals reinstated and confirmed.

The appeal from the original order should be dismissed, without costs.

TAYLOR, J., concurs; HAGARTY, J., in opinion, concurs in result; LAZANSKY, P. J., and CARSWELL, J., concur for the dismissal of the appeal from the original order, but dissent as to the reversal of the order on reargument and vote for affirmance on the grounds that the petitioner acquired a vested right under the permit and that the structure involved is an amusement device unaffected by the Administrative Code as to fire limits. (§ C26–543.0.)

HAGARTY, J. (concurring). While I concur in the result, my opinion is that the order should not be reversed on the ground that a vested right was not acquired by the petitioner prior to the zoning amendment. A permit was issued to the petitioner on October 14, 1938. The planning commission did not adopt its resolution to amend the zone, changing it from business to residence use, until October 26, 1938. The board of estimate, by affirmative action, approved the change on November 17, 1938. In *Matter of Fox Lane Corporation* v. *Mann* (216 App. Div. 813; affd., 243 N. Y. 550) the improvement prior to the change of zone was in the blue print stage only. On the other hand, in *People ex rel. Ortenberg* v. *Bales* (224 App. Div. 87; affd., 250 N. Y. 598), in the interim between the granting of the permit and the zoning amendment, the petitioners partially excavated for a foundation, and it was held that by so doing they had acquired a vested right. In that case the *Fox Lane* case was distinguished on the ground that nothing whatever had been done on the premises.

It is undisputed in the present case that, prior to the passage of the resolution by the planning commission on October 26, 1938, the property was improved and prepared for the carousel by a fill of the value of $10,000. It is also undisputed that, on and prior to October 21, 1938, foundation piles on the new site were driven. Thus substantial work on the property in connection

with the erection of the carousel had been done prior to the passage of the resolution by the planning commission. After that time, and up to the taking effect of the zone change on November seventeenth, by virtue of the affirmative approval of the board of estimate, other work was performed inclusive of the placing of the carousel on the foundation. The authority of *Matter of Tralaw Realty Corp.* v. *Murdock* (261 App. Div. 173), even if it were to be followed, is inapplicable. There the work on the property, held not to have been done in good faith, was performed after the passage of the resolution changing the zone and only forty-eight hours prior to its effective date. Prior to the adoption of the resolution to change the zone by the planning commission, at least, the right of the owner to devote the property to a conforming use cannot be questioned.

There should, however, be a reversal of the order predicated on the ground that the permit violated the provisions of the Administrative Code dealing with fire limits. Section C26–247.0 of the Administrative Code provides that within the fire limits it shall be unlawful to construct frame structures of wood, except as otherwise *specifically* provided in that title (Building Code). There are express exceptions which are immaterial in this case. Section C26–543.0, upon which the petitioner relies, does not *specifically* except miscellaneous wood frame structures, including amusement devices, from the provision as to fire limits, but merely provides that they shall be constructed in accordance with plans approved by the superintendent. A plausible argument, however, is that, although there is no specific exception, it is implied, since the fire limits, as set forth in section C26–246.0 of the Code, include " All of the city," save as to comparatively minor exceptions. Nevertheless, in the light of the language of section C26–247.0 and the failure to provide a specific exception as to fire limits with respect to miscellaneous wooden structures, a construction is required that section C26–543.0 relates to the erection of such wooden structures as are permissible only in those isolated areas and to exceptions which are not within the fire limits. I favor a strict construction of the Administrative Code in that respect, involving, as it does, the subject of fire hazards.

Order, entered on reargument, adhering to the original decision which annulled the determination under review and denied appellants' motion to dismiss the certiorari order, reversed on the law and the facts, with fifty dollars costs and disbursements, motion granted, proceeding dismissed, and the determination of the board of standards and appeals reinstated and confirmed.

The appeal from the original order is dismissed, without costs.