■ In the Matter of MOTT P. GREENE, Respondent, v. RALPH BRACH et al., Constituting the Planning Board of the Town of Shawangunk, Appellants.— Appeal from a judgment of the Supreme Court at Special Term, entered July 17, 1972 in Ulster County, which granted petitioner's application for an order pursuant to article 78 of the CPLR directing the respondent

Planning Board to annul its action of April 11, 1972 which rescinded the approval of petitioner's subdivision plat on October 19, 1971 and indorse final approval of said Planning Board on said subdivision plat. Petitioner is the owner of a 48-acre tract of land in the Town of Shawangunk for which he and his predecessors in title for several years proposed a single family residential subdivision. On February 2, 1970 respondent board disapproved a "preliminary layout" and listed certain requirements for the approval of the subdivision plat. In July of 1971, after further disapprovals by the board, it was decided by petitioner and his predecessors in title to abandon the single family development and construct instead multi-family housing on the property. Five building permits were issued for the first 20 units. There was no requirement to obtain respondent's approval as there was no existing zoning, and the buildings involved no subdivision of the land. After excavation, grading and foundation work was commenced, respondent informed petitioner that the board would rather have single family dwellings than the apartment houses as that use would result in even greater population density. Thereafter, at a special meeting of respondent board on October 19, 1971, it was agreed that petitioner would discontinue construction of multi-family units, and respondent, by a motion duly seconded and unanimously passed, approved petitioner's original subdivision plan for single family dwellings. This was done upon terms outlined in a letter from petitioner's attorney which was ordered attached to the minutes of the meeting. From a reading of the minutes of board meetings held thereafter, it is clear that only details of petitioner's compliance with the various conditions contained in the letter were discussed. Ultimately, on January 27, 1972, a revised subdivision map was presented by petitioner, although we find this was not a condition of the approval given at the October 19, 1971 meeting. At all subsequent meetings methods of required bonding for the improvements and roads were discussed, until finally, at the meeting held on April 4, 1972, the amount and term of the required performance bond were set by respondent and petitioner was directed to proceed with the bond. In the meantime, a zoning ordinance was enacted by the town limiting the size of residential lots to one acre, a requirement not met by petitioner's subdivision plat, nor would it allow construction of multi-family units such as those being constructed by petitioner. On April 11, 1972 the board met at a special meeting and voted to rescind its prior approval of October 19, 1971. Petitioner was not advised of this meeting. Rescission was based on a letter from the steward of Wallkill Correctional Facility recommending that the town study the adequacy of the sewage treatment for the proposed subdivision and upon a pending action brought by certain property owners to restrain the board from granting final approval for the subdivision. Special Term nullified the board's action of April 11, 1972 on the ground that it violated due process in that no notice of the meeting had been given to petitioner and the action taken by the board was based on no new considerations. It ordered respondent to indorse its approval on petitioner's plat for which final approval was given on October 19, 1971. We agree that there are no triable issues and would affirm, but on a different basis. The record establishes that, prior to the enactment of the zoning ordinance, a vested right had inured to petitioner to the use of the land according to the approved subdivision plat. We conclude that the approval of the plat given by respondent on October 19, 1971 was conditional, subject only to certain agreed upon terms and conditions. Petitioner, in reliance on such action by the board, in good faith promptly changed his position and abandoned all efforts toward the construction of the multi-family dwellings and integrated the foundations which had been constructed into the

subdivision plan. In our opinion, by the enactment of the zoning ordinance, serious financial harm was caused to petitioner by rendering valueless the substantial improvements he had made prior thereto. This was so whether they were used for multi-dwellings or one family residential units according to petitioner's subdivision plan. Both uses were outlawed by the ordinance. We find petitioner acquired a vested right to improve the premises according to such conditional approval by respondent, subject only to compliance with the terms of the agreement reached between petitioner and the board. This right accrued prior to the enactment of the zoning regulation and prior to the action taken by respondent on April 11, 1972 in an attempt to rescind its approval. (*People* v. *Miller*, 304 N. Y. 105; *City of Buffalo* v. *Chadeayne*, 134 N. Y. 163; *Matter of Ageloff* v. *Young*, 282 App. Div. 707, mot. for lv. to app. den. 306 N. Y. 981; *People ex rel. Ortenberg* v. *Bales*, 224 App. Div. 87, affd. 250 N. Y. 598.) Judgment modified, on the law and the facts, so as to provide that the indorsement approval of the planning board be conditioned upon the filing of the performance bond set by respondent on April 4, 1972, and, as so modified, affirmed, with costs. Staley, Jr., J. P., Greenblott, Cooke, Sweeney and Reynolds, JJ., concur.