ANNIE CARR as Executrix, etc., Appellant, v. JOHN C. RISCHER, Respondent.

*It seems* an action against a director of a corporation organized under the General Manufacturing Act (Chap. 40, Laws of 1848) to recover a debt due from the company because of failure of defendant to make and file an an~ual report as required by the act (§ 12) is a penal action and abates upon the death of either party before verdict.

But when judgment is rendered, the original wrong is merged therein and the judgment becomes property with all the attributes of a judgment in an action *ex contractu.*

The action, therefore, does not absolutely abate upon death of the defendant after judgment.

Nor does a reversal of the judgment by the General Term strike it out of existence for every purpose ; although a new trial may not be had, the judgment may be restored on appeal to this court and the action may be continued for that purpose.

*It seems* in case the death occurs after appeal to this court from an order of the General Term reversing the judgment, and the legal representatives of the decedent are not substituted, this court must take action as prescribed by the Code of Civil Procedure (§ 1298) where either party dies pending an appeal.

Reported below, 50 Hun, 147.

(Argued December 20, 1889 ; decided January 14, 1890.)

MOTION to dismiss appeal from order of the General Term of the Supreme Court in the first judicial department made November 23, 1883, which reversed a judgment in favor of plaintiff entered upon a verdict.

The facts so far as material are stated in the opinion.

*John H. V. Arnold* for appellant.    That the negotiable bonds in suit, regular on their face, were regularly issued, is presumed as a matter of law.    The formalities necessary to give validity to the bonds prior to issuing them are presumed to have been duly complied with.    (Lawson on Pres. Ev. 62 ; *Jones* v. *G. Co.*, 101 U. S. 622 ; *Ellsworth* v. *S. L. & T. H. R. R. Co.*, 33 Hun, 7 ; *Curtiss* v. *Leavitt*, 15 N. Y. 1 ; *Martin* v. *N. F. P. M. Co.*, 44 Hun, 130 ; *P. R. R. Co.* v. *Lewis*, 33 Penn. St. 33 ; *Trustees, etc.*, v. *McKechnie*, 90 N. Y. 618 ; *Solomon's Lodge* v. *Montmolin*, 58 Ga. 547.)    The seal on the

bonds in suit is duly proved, and is presumed to have been regularly affixed. (*Borst* v. *Empie*, 5 N. Y. 33; Stephens on Ev. 130, 420; *McPherson* v. *Rathbone*, 11 Wend. 97; 5 Cow. 485; 9 id. 148; 2 Starkie on Ev. 341; *Solomon's Lodge* v. *Montmolin*, 58 Ga. 547; *Trustees, etc.* v. *McKechnie*, 19 Hun, 62; *Tenny* v. *L. Co.*, 43 N. H. 343; *Steboins* v. *Merritt*, 10 Cush. 27, 34; Angel & Ames on Corp., §§ 217, 224, 226; *Commercial Bk.* v. *Kortwright*, 22 Wend. 345; *Lovett* v. *S. S. M. Co.*, 6 Paige, 54; *Johnson* v. *Bush*, 3 Barb. Ch. 207; *Bk. of Vergennes* v. *Wilson*, 7 Hill, 91, 95; Angel & Ames on Corp., § 224; *Reed* v. *Bradley*, 17 Ill. 321; *Brownker* v. *Atkins*, Skin. 2; *Hoyt* v. *Thompson*, 5 N. Y. 335; *Mill Dam Foundry Co.* v. *Hovey*, 21 Pick. 417; *Corrigan* v. *T. D. F. Co.*, 5 N. J. Eq. 52; *Trustees, etc.* v. *McKechnie*, 19 Hun, 62; *McKay* v. *Lasher*, 50 id. 383; *Hall* v. *Van Vranken*, 28 id. 403.) The obligation of the company to pay the bonds in suit was a debt within the meaning of the statute. (*People* v. *Snyder*, 41 N. Y. 397; 51 Barb. 589; *Leggett* v. *Bank*, 24 N. Y. 291; *Jones* v. *Barlow*, 62 id. 202, 212; 3 Blackstone's Comm. 154; 2 Hill, 220; *Vincent* v. *Sands*, 1 J. & S. 511; 58 N. Y. 673; *Vernon* v. *Palmer*, 16 id. 231; 14 Wkly. Dig. 324; *Jones* v. *Barlow*, 62 N. Y. 204; *Andrews* v. *Murray*, 9 Abb. Pr. 8; *Denny* v. *M. Co.*, 2 Hill, 233; *Garrison* v. *Howe*, 3 E. D. Smith, 458.) The corporation was liable to pay the bonds without proof of sealing at all — the instruments being apparently bonds of the corporation. (Angel & Ames on Corp. [10th ed.] §§ 219, 231, 236, 237, 296; *Barry* v. *M. E. Co.*, 1 Sandf. Ch. 280; *Curtiss* v. *Leavitt*, 15 N. Y. 9, 62; *Smith* v. *Law*, 21 id. 296; Daniel on Neg. Ins., § 382; *Leinhauf* v. *Calman*, 110 N. Y. 50, 54.) The defendant's contention that plaintiff was, at most, only entitled to interest on the amount of the eleven bonds from the commencement of the action, cannot be sustained. (*Blake* v. *Griswold*, 103 N. Y. 430; *Trinity Church* v. *Vanderbilt*, 98 id. 170; *Smedes* v. *Houghtalling*, 3 Ca. 48; *People* v. *New York*, 5 Cow. 331; 1 Am. L. C. 497; *Spencer* v. *Pierce*, 5 R. I. 63; *Durfee* v. *O'Brien*, 6 N. E. R. 492; *Palmer* v. *Conly*, 4 Denio, 374,

376; *Cutlers* v. *Ruskin*, Skin. 363; *Crosset* v. *Ogilvie*, 5 Brown's P. C. 527; *College* v. *Harrison*, 9 E. & C. 524; Potter's Dwarris on Stat. 254; *North* v. *Wingate*, Cro. Car. 559; *Mayor, etc.,* v. *Werring*, Willes, 440; *Company of Cutlers* v. *Ruslin*, Skin. 365.) The presumption from the evidence is that no annual report was filed, and the question as to the filing of the report was properly taken from the jury. (*Mandeville* v. *Reynolds*, 68 N. Y. 528; 5 Hun, 338; *Hall* v. *Kellogg*, 16 Mich. 135; *Lazier* v. *Westcott*, 26 N. Y. 146; *Williams* v. *E. I. Co.*, 3 East, 192; *King* v. *Hawkins*, 10 id. 211, 216; *Wood* v. *Morehouse*, 45 N. Y. 368; *Briggs* v. *Waldron*, 83 N. Y. 582, 585; *Brackett* v. *Griswold*, 103 id. 430; *Brown* v. *Terry*, 10 J. & S. 1; 2 R. S. [2d ed.] 573; *Rogers* v. *Jackson*, 19 Wend. 383; Laws on Pres. Ev. 53; Whart. on Ev. §§ 368, 1318; *People* v. *Pease*, 27 N. Y. 45; *Comm.* v. *Bradford*, 9 Metc. 268; 1 Greenl. on Ev. § 80; *Beardstown* v. *Virginius*, 76 Ill. 44.) The amendment by chap. 510, Laws 1875, did not relieve, in all cases, trustees who had theretofore become liable for the penalty from such liability. *Moore* v. *Mausert*, 49 N. Y. 332, 335; *Ely* v. *Horton*, 15 id. 595; *Trinity Church* v. *Vanderbilt*, 98 id. 170; *Vernon* v. *Palmer*, 16 J. & S. 236; *Halstead* v. *Dodge*, 19 id. 169, 176; *Williams* v. *Potter*, 2 Barb. 316; *Palmer* v. *Conley*, 4 Den. 374; *Bowen* v. *Losee*, 5 Hill, 221; *Van Rensselaer* v. *Snyder*, 9 Barb. 302; *Shreveport* v. *Cote*, 129 U. S. 36.) The General Term erred in reversing the judgment in favor of plaintiff herein. (*Union Bank* v. *Pratt*, 36 N. Y. 631; Code Civ. Pro., § 522; *Oechs* v. *Cook*, 3 Duer, 161; *Miller* v. *White*, 8 Abb. [N. S.] 46; *Rector* v. *Clark*, 78 N. Y. 21.) The statute of limitations is no defense to this action. (Code Civ. Pro., § 401; *Flash* v. *Conn*, 109 U. S. 371; *Nat. Bank* v. *Price*, 33 Md. 487; *Cuykendall* v. *Corning*, 10 Fed. Rep. 342.) The verdict of the jury upon the questions submitted to them should be held conclusive upon the defendant. (Baylies on N. T. & App. 343, 344; *Cheney* v. *R. R. Co.*, 16 Hun, 415; *Morss* v. *Sherrill*, 63 Barb. 21; *Comrs.* v. *Backus*, 29 How. 33; *Holman* v. *Dord*, 12 Barb. 336.) None of the

defendant's exceptions to the admission of testimony were well taken. (*Crooke* v. *Mali*, 11 Barb. 205 ; *Walter* v. *James*, 11 Wkly. Dig. 508 ; *Pepper* v. *Haight*, 20 Barb. 429 ; *Snell* v. *Snell*, 3 Abb. Pr. 430 ; *Jackson* v. *Smith*, 16 id. 201 ; *Smith* v. *Floyd*, 18 Barb. 522 ; *Edington* v. *M. L. Ins. Co.*, 5 Hun, 178 ; *Clark* v. *Bruce*, 12 id. 272 ; *Levin* v. *Russell*, 42 N. Y. 251 ; *Ward* v. *Kilpatrick*, 85 id. 413 ; *Mead* v. *Shea*, 92 id. 122 ; *Briggs* v. *Wheeler*, 16 Hun, 583 ; *S. P. Co.* v. *Monheimer*, 9 J. & S. 184 ; *Bragne* v. *Lord*, Id. 193 ; *Sutherland* v. *N. Y. C. & H. R. R. R.Co.*, Id. 17 ; *Milliner* v. *Lucas*, 3 Hun, 496 ; *Erwin* v. *N. S. Co.*, 8 Wkly. Dig. 382.) The exception to the denial of the motion to dismiss the complaint and the exeception to the refusals to charge, and submit certain questions to the jury were not well taken. (*Cummings* v. *Webster*, 43 Me. 192 ; *Herrick* v. *Hoppock*, 15 N. Y. 409.) The order of revivor was properly made, and any motion to dismiss this appeal to the Court of Appeals on the ground that the right to thus appeal did not survive the death of plaintiff's testator, or for any other reason, should be denied. (*Brackett* v. *Griswold*, 103 N. Y. 425 ; *Blake* v. *Griswold*, 104 id. 613 ; *Wood* v. *Phillips*, 11 Abb. Pr. [N. S.] 1 ; *Gardner* v. *Barney*, 24 How. Pr. 467 ; 4 Abb. [N. S.] 251 ; *Hinckley* v. *Kreitz*, 58 N. Y. 583 ; Code Civ. Pro., §§ 1294, 1296, 1298.)

*Thomas G. Shearman* for respondent. This court has been constantly growing more emphatic in its characterization of an action against a trustee, under section 12, of the act of 1848, as highly penal. (*Garrison* v. *Howe*, 17 N. Y. 458 ; *W. A. Co.* v. *Barlow*, 63 id. 62 ; *Wiles* v. *Suydam*, 64 id. 173 ; *Knox* v. *Baldwin*, 80 id. 610 ; *Bruce* v. *Platt*, 80 id. 379 ; *Gadsden* v. *Woodward*, 103 id. 242 ; *Whitaker* v. *Masterson*, 106 id. 280 ; *Miller* v. *White*, 50 id. 137 ; *Dabney* v. *Stevens*, 10 Abb. [N. S.] 39 ; *Van Amburgh* v. *Baker*, 81 N. Y. 46 ; *P. &c., Co.* v. *Hotchkiss*, 82 id. 471 ; *Reed* v. *Keese*, 5 J. & S. 269 ; 60 N. Y. 616 ; *Deming* v. *Puleston*, 2 Robt. 309 ; 55 N. Y. 655 ; *Cameron* v. *Seaman* 69 id. 398 ; *S. &c. Q. Co.*

v. *Bliss*, 29 id. 297.)   There is nothing in the claim of this plaintiff to commend it to the favor of the court.   On the contrary, it ought to be treated with disfavor and suspicion. *Carr* v. *Risher*, 20 Abb. [N. C.] 176; *Brown* v. *Smith*, 13 Hun, 408; 80 N. Y. 650; *Pugh* v. *Hurtt*, 52 How. Pr. 22.) The company had no power to issue these bonds.   (Laws of 1864, chap. 517; Laws of 1871, chap. 481.)   Even if the company had power to issue these bonds, the plaintiff did not prove that they were ever issued or authorized by the company.   (*D'Arcy* v. *T. &c., R. Co.*, 4 H. & C. 463; *W. A. Co.* v. *Barlow*, 68 N. Y. 34; *L., etc., Ins. Co.* v. *M. F. Ins. Co.*, 7 Wend. 31; *Adriance* v. *Roone*, 52 Barb. 399; *Dabney* v. *Stevens*, 10 Abb. [N. S.] 39, 45; *Risley* v. *I., etc., R. R. Co.*, 1 Hun, 202; *DeBost* v. *A. P. Co.*, 35 id. 386; *McCullough* v. *Moss*, 5 Den. 567; *W. R. R. Co.* v. *Bayne*, 11 Hun, 166; 75 N. Y. 1; *Alexander* v. *Cauldwell*, 83 id. 480.)   The trial judge erred in charging the jury, that the seal of the corporation to the bonds in suit had been proved, and in refusing to submit that question to them, as he did, in effect, by telling them that the only question of fact to be submitted to them was whether Mr. Risher was president of the company at the time when the bonds were made; and the defendant's exception to these portions of the charge were well taken. (*Jackson* v. *Pratt*, 10 Johns. 381; *Mann* v. *Pentz*, 2 Sandf. Ch. 257; *Den* v. *Vreelandt*, 7 N. J. Law, 352; *Moises* v. *Thompson*, 8 T. R. 303; *F., etc., T. Co.* v. *McCullough*, 25 Penn. St. 303; *Leazure* v. *Hillegas*, 7 S. & R., 313; *Foster* v. *Shaw*, Id. 156.)   In addition to establishing the existence of the debt in 1867, the plaintiff was bound to show that the annual report for that year was not filed.   (*M. L. Ins. Co.* v. *Dake*, 87 N. Y. 257; *W. A. Co.* v. *Barlow*, 68 id. 34; *Chase* v. *Lord*, 77 id. 1.)   It was an indispensable part of the plaintiff's case that he should prove affirmatively that the defendant was a trustee in the month of January, 1867, when he claims that the annual report was not filed.   (*W. A. Co.* v. *Barlow*, 68 N. Y. 34; *Bruce* v. *Platt*, 80 id. 379; *Van Amburgh* v. *Baker*, 81 id. 46; *P., etc., Co.* v. *Hotchkiss*, 82 id. 471; *Reed*

v. *Keese*, 60 id. 616; *Deming* v. *Pulestin*, 55 id. 655; *Bough-ton* v. *Otis*, 21 id. 261.) The bonds in suit did not fall within the class of debts for which trustees were made liable by the statute. (*Nimmons* v. *Hennion*, 2 Sweeney, 633; *Oviatt* v. *Hughes*, 41 Barb. 541; *Jones* v. *Barlow*, 62 N. Y. 203; *Duckworth* v. *Roach*, 81 id. 49; *Haight* v. *Naylor* 5 Daly 219; *Vincent* v. *Sands*, 1 J. & S. 511; *Victory Webb Co.* v. *Beecher*, 26 Hun, 48; *S. P. T. Church* v. *Vanderbilt*, 98 N. Y. 170.) The section of the statute upon which the plaintiff's cause of action depended was repealed in 1875; and as no rights were reserved by the repealing act, except in actions then pending, his claim for this penalty fell with it. (*V. W. Co.* v. *Beecher*, 26 Hun, 48; 97 N. Y. 651; *Knox* v. *Baldwin*, 80 id. 610; *McMaster* v. *State*, 103 N. Y. 547, 551; *United States* v. *Heath*, 3 Cranch. 399; *Sanford* v. *Bennett*, 24 N. Y. 20; *Hackley* v. *Sprague*, 10 Wend. 113; *Dash* v. *Van Kleeck*, 7 Johns. 477; *Bonnell* v. *Griswold*, 80 N. Y. 128; *S. P. M. Bk.* v. *Bliss*, 35 id. 412; *W. A. Co.* v. *Barlow*, 63 id. 62; 68 id. 34; *Wiles* v. *Suydam*, 64 id. 173; *Easterly* v. *Barber*, 65 id. 252; *Ely* v. *Holton*, 15 id. 595; *Moore* v. *Mausert*, 49 id. 332.) If there was evidence tracing these bonds through the hands of trustees of the company, and the plaintiff acquired them without paying value, he had no better title than these trustees had, and they, being themselves in default, as much as the defendant, could not recover against him, and, therefore, the plaintiff could not. (*Knox* v. *Baldwin*, 80 N. Y. 610; *Easterly* v. *Barber*, 65 id. 252.) It was palpable error to instruct the jury that they could not bring in a verdict for a smaller amount than $24,970, the principal of the eleven bonds, with interest from October, 1868. (*Stokes* v. *Stickney*, 96 N. Y. 323, 326; *Brackett* v. *Griswold*, 103 id. 425, 427; *Wehle* v. *Haviland*, 42 How. Pr. 399, 410; *Black* v. *C., etc., R. Co.*, 45 Barb. 40, 43; *Richmond* v. *Bronson*, 5 Den. 55; *Lakeman* v. *Grinnell*, 5 Bosw. 625; *Thomas* v. *Wied*, 14 Johns. 355; *Hutchinson* v. *Brand*, 6 How. Pr. 73, 77; *Renick* v. *Orser*, 4 Bosw. 384, 390; *Littlefield* v. *Brown*, 1 Wend. 398, 401.) No special motion to dismiss the appeal is neces-

sary. (Code Civ. Pro. § 1289.) An action like this, for a penalty against a trustee of a manufacturing corporation, is one *ex delicto* and abates with the death of either party. (*Stokes* v. *Stickney*, 96 N. Y. 323; *Brackett* v. *Griswold*, 103 id. 425; *Blake* v. *Griswold*, 104 id. 613, 617.) The judgment having been reversed and the verdict set aside, the action stood just as if there never had been any judgment or verdict; and, the defendant having died after the reversal, no right of property remained in the plaintiff or his successors. (*Holsman* v. *St. John*, 90 N. Y. 461, 463; *Evans* v. *Cleveland*, 71 id. 461, 486, 488; *Thayer* v. *Bond*, 3 Mass. 296; *Ireland* v. *Champney*, 4 Taunt. 884; *Woodcock* v. *Bennett*, 1 Cow. 735; *People* v. *Clarke*, 10 Barb. 120, 143; *Benjamin* v. *Smith*, 17 Wend. 208; *Kelsey* v. *Jewett*, 34 Hun, 11; *Pessini* v. *Wilkins*, 22 J. & S. 146; *Smith* v. *Lynch*, 12 Civ. Pro. Rep. 348; *Wood* v. *Phillips*, 11 Abb. [N. S.] 1; Code of Pro. § 121; Code Civ. Pro. §§ 764, 3343.) · The mere fact that the action was revived in the name of the plaintiff's executor does not prevent the court from inquiring whether such revival was warranted. (*Arthur* v. *Griswold*, 2 Hun, 606; 60 N. Y. 143; *Belmont* v. *E. R. Co.*, 52 Barb. 637; *Riggs* v. *Pursell*, 24 N. Y. 370, 378.)

EARL, J. This action was commenced in the fall of 1886, by John F. Carr against John C. Rischer. It was tried at a circuit in January, 1888, and a verdict was rendered for the plaintiff, upon which a judgment was entered in his favor February 1, 1888, for $25,399.75. Thereafter the defendant appealed from the judgment to the General Term where it was reversed and a new trial was granted, the formal order of reversal being entered December 6, 1888. On the next day, December seventh, the plaintiff died; and thereafter the present plaintiff, as his executrix, made application to the court for an order reviving the action and substituting her as plaintiff, and the order was granted. She then on the same day served notice of appeal to this court and within a few days thereafter the defendant died.

The representatives of the defendant now move to dismiss the appeal on the ground that the action by the death of the parties has absolutely abated and that the appeal cannot be further prosecuted.

The action was brought to recover the amount of a claim against a manufacturing company organized under the General Manufacturing Act of 1848 on the ground of the failure of Risher as a trustee of the company to make and file its annual report as required by the act. This is, therefore, a penal action properly characterized as *ex delicto*, and if either party had died at any time before verdict it would have absolutely abated. (*Stokes* v. *Stickney*, 96 N. Y. 323 ; *Brackett* v. *Griswold*, 103 id. 425; *Blake* v. *Griswold*, 104 id. 613.)

But the action went to judgment before the death of either party. The original wrong was merged in the judgment, and that then became property with all the attributes of a judgment in an action *ex contractu*. Since the rendition of the judgment the controversy between the parties has been over the judgment, not over the original wrong. After the reversal of the judgment there could never be a new trial because there was no one living legally bound to respond for the wrong, or who could legally ask for its redress. The reversal of the judgment did not for every purpose strike it out of existence as if it had never had being. It still had a potential existence. The reversal was not final. The law gave opportunity by appeal for its restoration, and thus the controversy over the judgment as property could be continued. The plaintiff by the appeal seeks to fasten upon the representatives of the deceased defendant, not responsibility for the original wrong, but for the judgment, and she seeks not to recover damages for the wrong, but to enforce and realize upon the judgment as an asset of the estate which she represents.

We, therefore, perceive no reason to doubt that the present controversy may continue without violating any rule of law; and for this conclusion we may invoke the principle laid down in *Wood* v. *Phillips* (11 Abb. [N. S.] 1), as sufficient authority.

That was an action for assault and battery. The plain-
tiff recovered a verdict and the General Term set it aside and
ordered a new trial, and then the plaintiff died. Afterward
his administratrix appealed to this court from the order grant-
ing the new trial. It was claimed there as here that the action
had abated. But RAPALLO, J., writing the opinion of the
court said : "A claim for damages for a purely personal injury,,
while it remains unliquidated and unascertained by a verdict,
dies with the person. But the intent of the section (121).
above cited seems to be to prevent this result, after the claim
has been ascertained by a verdict. In that case the verdict
becomes property which passes to the representatives of the
deceased, as a judgment would at common law. It becomes
a duty of the executor or administrator to defend it for the
benefit of the estate. If set aside after the death of the party
there seems to be no reason why the representative should not
be entitled to prosecute such appeal as the law allows for the
purpose of having it restored. He is not in such a case prose-
cuting an action for the original tort, but is endeavoring to save
and sustain the verdict. So long as the right to review the action
of the court in setting aside a verdict continues, it cannot be said
that the verdict is absolutely annihilated, for it is still capable of
being restored to life." It is said that that decision was made
when section 121 of the Code of Procedure was in force, which
contained this language : "After a verdict shall be rendered in
an action for a wrong, such action shall not abate by death of
any party ; but the case shall proceed thereafter in the same
manner as in cases where the cause of action now survives by
law ; " and it is claimed that as this is not an action for a per-
sonal injury, the plaintiff can have no benefit from section 764
of the present Code, which is the amended substitute for the
language above quoted. It was the purpose of the provisions
contained in both sections to save certain actions from abate-
ment after verdict and before judgment, and to regulate pro-
ceedings upon the verdict in such actions. In *Stringham* v.
*Hilton* (111 N. Y. 188), after we had reversed the judgment
for the plaintiff, we held that, notwithstanding section 121, the

plaintiff could not have a new trial, the defendant having died. A case like this, where judgment has been entered and the controversy is over that, is certainly not within the scope of either section, and its disposition must depend upon the general principles of law above alluded to.

The legal representatives of Rischer should, therefore, be substituted in his place, otherwise we must take action under section 1298 of the Code. Our present duty is simply to deny the motion.

All concur.

Motion denied.