(75 Misc. Rep. 258.)

### PEOPLE v. NEWCOMB.

(Supreme Court, Trial Term, Oswego County. January, 1912.)

1. PENALTIES (§ 31*)—DEATH OF PARTY—SURVIVAL.

　　Penal actions, in the absence of express statutory provisions, do not survive the death of either party.

　　[Ed. Note.—For other cases, see Penalties, Dec. Dig. § 31.*]

2. APPEAL AND ERROR (§ 150*)—PERSONS ENTITLED TO REVIEW—PERSONAL REPRESENTATIVES.

　　The administratrix of a deceased defendant in a penal action has the right to review a judgment against deceased in the interest of his estate.

　　[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 934–946; Dec. Dig. § 150.*]

3. PENALTIES (§ 31*)—ACTION—DISPOSITION OF CAUSE—DEATH OF PARTY.

　　A direction, in the judgment of the Court of Appeals reversing a judgment against defendant in a penal action, for a new trial with costs to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

abide the event, is inoperative where the defendant has died before the decision by the Court of Appeals.

[Ed. Note.—For other cases, see Penalties, Dec. Dig. § 31.*]

4. COSTS (§ 45*)—PERSONS ENTITLED—PENAL ACTION.
Where the defendant in a penal action died after judgment against him and before reversal thereof, it cannot be determined who is the prevailing party entitled to costs.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 179–182; Dec. Dig. § 45.*]

5. COSTS (§ 45*)—PERSONS ENTITLED—PENAL ACTION—"DISMISSED"—"FINALLY DISPOSED OF."
Where defendant in a penal action dies after judgment against him and before its reversal, the action is not dismissed nor finally disposed of in favor of or against a party within Code Civ. Proc. §§ 3228, 3229, and neither party is entitled to costs on the entry of judgment of abatement.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 179–182; Dec. Dig. § 45.*

For other definitions, see Words and Phrases, vol. 3, pp. 2104–2106, 2798.]

Action by the People against Millie J. Newcomb, as administratrix. Motion for award of costs on abatement of action. Judgment of abatement entered without costs.

See, also, 146 App. Div. 904, 133 N. Y. Supp. 1137.

F. T. Cahill, for the People.
O. M. Reilly, for defendant.

DEVENDORF, J. This action was originally brought against Sarah A. Wiggins, defendant's intestate, to recover a penalty for a violation of the Agricultural Law (Consol. Laws 1909, c. 1). At the trial a verdict was rendered in favor of the plaintiff. An appeal was taken from the judgment entered thereon, and affirmance in the Appellate Division followed.

The defendant then appealed to the Court of Appeals, but before argument thereof she died, and the defendant Newcomb, as administratrix, was substituted. Thereafter the judgment of the trial court was reversed and a new trial ordered, with costs to abide the event.

The action was placed upon this Oswego Trial Term calendar; and, when reached in its order thereon, it appearing that the original defendant was dead, it was held by the trial court that the action had abated by reason thereof and that judgment would enter accordingly. The defendant claimed that she was entitled to an award of costs.

[1] The action has abated. Penal actions, in the absence of express statutory provisions, do not survive the death of either party. Carr v. Rischer, 119 N. Y. 117, 23 N. E. 296; Brackett v. Griswold, 103 N. Y. 425, 9 N. E. 438; 1 Cyc. 67.

[2] But the defendant administratrix had the right to review the judgment in the interest of the estate of the deceased. Wood v. Phillips, 11 Abb. Prac. (N. S.) 1; Carr v. Rischer, 119 N. Y. 117, 23 N. E. 296. The judgment survived the defendant's death, but the cause of action did not.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[3] Hence the direction, in the judgment of reversal, for a new trial, with costs to abide the event, cannot become operative.

[4] A trial cannot be had, because the action is penal and the defendant is dead. There is no way to determine who is the prevailing party, and, as such, entitled to costs.

[5] The parties may be ready to try the case, yet there is no power in the court to proceed with the trial. There is no plea of abatement in the case, and neither party has a paramount right to obtain a dismissal with costs against the other. The action is not dismissed or finally disposed of, in favor of or against a party, within the purview of sections 3228 and 3229 of the Code of Civil Procedure. Without statutory authority, no costs can be awarded in an action to either party, and there is no statute pointing out the prevailing party here or granting costs to one as against the other.

I have come to the conclusion that there cannot be a trial of the case, and that neither party is entitled to recover costs. 11 Cyc. 70; Travis v. Waters, 12 Johns. 500; Johnson v. Thomas, 2 Paige, 377; Begbie v. Begbie, 128 Cal. 154, 60 Pac. 667, 49 L. R. A. 141.

Judgment of abatement will enter, without costs.

Judgment accordingly.