OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant committed suicide while his appeal as of right from the judgment of conviction was pending in the Appellate Division. The Appellate Division dismissed his appeal and remitted to County Court with directions to vacate the conviction and dismiss the indictment. The People appeal from the Appellate Division order by permission of a Judge of this court.
*747 A defendant’s death during the pendency of a direct appeal to the Appellate Division abates the appeal and all proceedings in the prosecution from its inception (People v Mintz, 20 NY2d 753, 770, 771). The death places a defendant beyond the court’s power to enforce or reverse the judgment of conviction, thereby preventing effective appellate review of the validity of the conviction (id., at 771). As we stated in Mintz, "If affirmed, the judgment of conviction could not be enforced and, if reversed, there is no person to try. Therefore, the appeal should not be heard but, since it cannot be heard, it can never be determined whether the judgment of conviction would stand, and this requires that the judgment of conviction be vacated and the indictment dismissed.” (Id., at 771.)
Accordingly, the Appellate Division correctly remitted the instant case to County Court with directions to vacate the conviction and dismiss the indictment. We are unpersuaded by and accordingly reject the People’s contention that defendant’s suicide should be deemed a waiver or forfeiture of the right to appeal (see, e.g., People v Sanchez, 65 NY2d 436, 443-444; People v Parker, 57 NY2d 136, 140-141).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed in a memorandum.