■ ESTATE OF GERTRUDE BALFE, Respondent. LEONARD F. WALENTYNOWICZ, Appellant.—Order unanimously affirmed with costs. Memorandum: In this proceeding commenced by the executrix of the estate of Gertrude Balfe pursuant to SCPA 1809, respondent contends that it was error for the Surrogate to disallow and dismiss his claim against the estate for $25,000 in legal fees. We disagree. Respondent is an attorney who claims that he rendered services to the decedent and to her estate for which he has not been paid. On February 15, 1989 respondent presented a claim against the estate for his fee pursuant to SCPA 1803. That claim was accompanied by respondent's conclusory affidavit asserting that he was entitled to the fee, and by a letter in which he set forth the services performed in general terms. Rather than either allowing or rejecting that claim (SCPA 1806), the executrix commenced this proceeding pursuant to SCPA 1809 (1) on March 14, 1989, to determine the validity of the claim. The petition questioned the validity of the claim and required respondent to show cause why his claim should not be disallowed or offset in whole or in part. The Surrogate issued a citation on March 14, 1989; the citation and petition were served on respondent on March 17. The return date was March 31 but the matter was adjourned until May 12, 1989 at the request of respondent.

Pursuant to SCPA 1809 (2), respondent was required to serve and file an answer within eight days from the return date, March 31, accompanied by an affidavit or other evidence supporting his claim. Respondent failed to do so and, instead, did not serve an answer until he appeared on the adjourned return date, May 12. The answer stated as an affirmative defense that respondent had instituted an action the previous day in Supreme Court, Erie County, and stated that the Surrogate no longer had jurisdiction. Respondent also served petitioner with a summons and complaint in that action.

On oral argument before the Surrogate, respondent contended that his commencement of the Supreme Court action preempted the Surrogate's jurisdiction. The Surrogate ruled that he was retaining jurisdiction and asked respondent to go forward to prove his claim. When respondent refused to do so, the court denied and dismissed his claim.

Respondent contends that, pursuant to SCPA 1810, the Surrogate was divested of jurisdiction and had no authority to rule on his claim. That section provides as follows:

"§ 1810. Claimant's right to action at law or in equity.

"Nothing in this article shall prevent a claimant from commencing an action on his claim at law or in equity, provided that where a claim has been presented and rejected in whole or in part the action must be commenced within 60 days after such rejection."

Pursuant to that section, if respondent's claim had been rejected, he would have had 60 days to commence an action in Supreme Court. Or, if he had not presented his claim to the executrix pursuant to SCPA 1803, he could have opted to commence an action. Having presented his claim under SCPA 1803, however, he was required to wait for the determination contemplated in SCPA 1809 and should not be permitted to abort that procedure by bringing an action at law. SCPA 1809 (1), setting forth the procedure followed by the executrix, provides in pertinent part: "Whenever * * * a fiduciary has reason to question the validity of any claim, whether such notice [of claim] has been presented to him or not, *and no action or proceeding to enforce the claim has been instituted,* the fiduciary may present a petition to the court showing the facts and praying that the claimant or possible claimant be required to show cause why his claim, if any, should not be disallowed." (Emphasis supplied.) If that procedure can be invoked only if there is "no action or proceeding to enforce the claim", the converse should also be true, i.e., that an

action cannot be brought when a proceeding is pending in Surrogate's Court.

Respondent argues that the filing of the petition under SCPA 1809 was tantamount to a rejection and thus he was free to commence an action under SCPA 1810. That misconstrues SCPA 1809. By filing a petition, the executrix merely sought to validate the claim. Indeed, she conceded that respondent performed legal services for the decedent but merely sought to determine the correct amount of the claim by requiring him to file an itemized bill. By failing to answer the petition in a timely manner (SCPA 1809 [2]) and failing to go forward with his proof on the return date, respondent defaulted and thus the Surrogate did not err in granting the petition and denying and dismissing the claim. (Appeal from order of Niagara County Surrogate's Court, DiFlorio, S.—attorney's fees.) Present—Callahan, J. P., Denman, Pine, Balio and Davis, JJ.