OPINION OF THE COURT
Alexander W. Hunter, Jr., J.
Defendant’s application for this court to compel the District Attorney’s office to release the Grand Jury minutes is denied. However, defendant’s application for the issuance of a stay of the administrative hearing until the completion of his pending prosecution under this indictment is granted.
The defendant has asserted that the Grand Jury minutes should be released to him for his use at his administrative proceedings because compliance with trial disclosure requirements and the technical rules of evidence are not mandated at said proceeding. In that regard, the agency relies on hearsay evidence which effectively eliminates the need for the testimony of any civilian occurrence witnesses. The result is a denial of the defendant’s constitutional rights to due process of law and to confront his accusers. Accordingly, the release of the minutes will enable the defendant to defend himself at the proceeding since those charges are substantially similar to the charges contained in the indictment.
*258 Furthermore, the defendant argues that in order for him to fully defend himself at the administrative proceeding, which will be conducted prior to his criminal trial, he must testify. By doing this, he must subject himself to cross-examination, thereby permitting the People to use his statements against him at his criminal trial on their direct case — regardless of whether or not the defendant exercises his Fifth Amendment right to remain silent during his prosecution.
In order for the Grand Jury minutes to be released to the defendant, he must demonstrate a compelling and particular need for access that must be strong enough to overcome the presumption of confidentiality which applies equally to public as well as private litigants. (See, Matter of District Attorney of Suffolk County, 58 NY2d 436 [1983]; People v Judge, 88 AD2d 789 [4th Dept 1982]; Matter of Hynes, 179 AD2d 760 [2d Dept 1992].)
Although the defendant has expressed some legitimate reasons for the release of the Grand Jury minutes, this court finds that those reasons are not so compelling and particularized so as to overcome the presumption of confidentiality— especially in light of the fact that administrative proceedings occur on a regular basis against police officers once they are the subject of a criminal indictment, as is the case herein.
However, this court does find disturbing the reality that both the administrative and criminal proceedings occur simultaneously and, thus, the administrative proceeding is routinely concluded first. This undoubtedly results in the indirect but just as compelling infringement upon the defendant’s Fifth Amendment constitutional right to remain silent. Since the defendant might only lose his employment if he is found guilty at the administrative proceedings, while if found guilty at his criminal trial he may also lose his liberty, it is incumbent upon this court to protect the defendant’s rights to ensure that he gets a fair trial.
Contrary to the People’s position that this court — sitting at Criminal Term — does not have the authority to entertain defendant’s application and, therefore, it should be brought before the Civil Term of the Supreme Court, this court has general original jurisdiction.
"Generally, the jurisdiction of the Supreme Court * * * is wide enough to cover any and all causes of action and any and all persons within [the State’s] jurisdiction.” (Town of Harrison v Sunny Ridge Bldrs., 170 Misc 161, 165 [1938]; NY Const, art VI, § 7.)
*259 " '[It has] original, unlimited and unqualified jurisdiction.’ ” (Matter of Steven R. J. v Nancy J., 117 Misc 2d 725, 726 [1983].)
Jurisdiction of the Supreme Court "is supreme in the sense that it is constitutionally unlimited and illimitable” and includes "power to redress clear invasion of constitutional rights, privileges and immunities.” (1136 E. Corp. v New York State Liq. Auth., 58 Misc 2d 217, 222 [1968].)
Since the administrative proceeding involves charges against this defendant that are similar and arise from the same transaction as those embodied in the indictment, the agency litigation impacts directly on this defendant’s right to remain silent at his trial before this court. As such, this court must exercise limited jurisdiction and, therefore, it entertains defendant’s motion.
A Supreme Court Justice is vested with inherent plenary power to fashion any remedy necessary for the proper administration of justice. (People ex rel. Doe v Beaudoin, 102 AD2d 359 [1984].) State courts have the responsibility equally with the Federal courts to guard, enforce and protect every right guaranteed or secured by the Constitution of the United States. (Jones v Banner Moving & Stor., 78 Misc 2d 762 affd in part, mod in part on other grounds 48 AD2d 928 [1975].) Supreme Court may mold and expand its process to afford adequate protection to citizens and may do all things reasonably necessary for administration of justice within the scope of its jurisdiction. (Lawrence v Cowperthwait, 150 Misc 326 [1934].)
By issuing a stay of the administrative proceeding until the completion of the defendant’s criminal prosecution, this court not only protects his Fifth Amendment right at the trial, but it also functionally grants him due process at the hearing because relevant portions of the Grand Jury minutes and all discovery material would be in the defendant’s possession at his trial which he could then use to defend himself at the proceeding.
Accordingly, a stay of the administrative proceedings is ordered until the completion of the defendant’s criminal prosecution pursuant to this indictment.