OPINION OF THE COURT
Plummer E. Lott, J.
The estate of the defendant moves to “vacate” the fine and the judgment entered thereon on the ground that the defendant has passed away without paying the fine and thus the fine abated.
Background
On June 22, 1994 after a jury trial, the defendant (a doctor) was convicted of nine counts of criminal sale of a prescription for a controlled substance (Penal Law § 220.65). On August 22, 1994, the court sentenced the defendant to five years’ probation and to pay a fine of $5,000 on each of eight counts. The *512 fine totaled $40,000.[1] The defendant was also ordered to pay $150 mandatory surcharge and $5 as a crime victim assistance fee. A judgment for $40,155 was entered in the records of the Kings County Clerk’s office.
On October 26, 1996, the judgment was affirmed (232 AD2d 577). The defendant never sought leave to appeal to the Court of Appeals. The judgment became final 30 days after the Appellate Division affirmed the judgment.
On May 24, 1999, the defendant passed away.
At no time between October 26, 1996 and the defendant’s death did the People attempt to execute the judgment against the defendant’s property.[2]
The court is informed that the estate has more than sufficient funds with which to pay the fine.
The estate of the defendant cites CPL 440.10 and 440.20 as a basis of this motion.[3] The People contend that the judgment is now a civil judgment and a civil judgment does not abate with the death of a litigant.
CPL 440.10
CPL 440.10 (2) (d) states: “Notwithstanding the provisions of subdivision one, the court must deny a motion to vacate a judgment when * * * (d) The ground or issue raised relates solely to the validity of the sentence and not to the validity of the conviction.”
If the claim relates solely to the sentence, the court must dismiss the motion made under CPL 440.10.
The motion to vacate the fine grounded in CPL 440.10 is denied.
CPL 440.20
CPL 440.20 provides for vacating all or part of a sentence where the original sentence is illegal. If the sentence is legal, the court is not authorized to change the sentence (People v Corso, 40 NY2d 578, 580; People v Romain, 288 AD2d 242, 243; *513 People v Gurlakis, 160 Misc 2d 345; People v Hilker, 134 Misc 2d 420, 422-423, affd 133 AD2d 986; see also, People v Vasquez, 88 NY2d 561).
The estate does not claim that the sentence is illegal. The court is without jurisdiction to entertain the estate’s claim under CPL 440.20.
The motion to vacate the sentence is denied.
Civil Judgment
Generally, the Civil Practice Law and Rules is inapplicable to criminal matters (People v Knobel, 94 NY2d 226, 228-230; People v Crisp, 268 AD2d 247; People v Holden, 260 AD2d 233, 234; People v Anderson, 252 AD2d 399, 400).[4] However, a criminal statute may incorporate a civil statute by reference.
The People claim that CPL 420.10 incorporates civil law into the area of collection of a fine.
CPL 420.10 (6) as is relevant reads:
“6. Civil proceeding for collection, (a) A fine, restitution or reparation imposed or directed by the court shall be imposed or directed by a written order of the court containing the amount thereof required to be paid by the defendant. The court’s order also shall direct the district attorney to file a certified copy of such order with the county clerk of the county in which the court is situate except where the court which issues such order is the supreme court in which case the order itself shall be filed by the clerk of the court acting in his or her capacity as the county clerk of the county in which the court is situate. Such order shall be entered by the county clerk in the same manner as a judgment in a civil action in accordance with subdivision (a) of rule five thousand sixteen of the civil practice law and rules. Even if the defendant was imprisoned for failure to pay such fine, restitution or reparation, or has served the period of imprisonment imposed, such order after entry thereof pursuant to this subdivision may be collected in the same manner as a judgment in a civil action by the victim, as defined in paragraph (b) of subdivision four of section 60.27 of the penal law, to whom restitution or reparation was ordered to be paid, the estate of *514 such person or the district attorney. The entered order shall be deemed to constitute a judgment-roll as defined in section five thousand seventeen of the civil practice law and rules and immediately after entry of the order, the county clerk shall docket the entered order as a money judgment pursuant to section five thousand eighteen of such law and rules. Wherever appropriate, the district attorney shall file a transcript of the docket of the judgment with the clerk of any other county of the state.” (Emphasis supplied.)
This section provides a mechanism by which a criminal fine may be collected. A criminal fine may be collected in the same manner as a civil judgment. The statutory language that it may be collected in the same manner as a civil judgment indicates that the criminal fine does not metamorphose from a criminal sentence into a civil judgment. All that the statute authorizes is that it may be collected in the same manner as a civil judgment (Owens v State, 710 SW2d 518, 519-520 [Tenn];[5] cf., Carr v Risher, 119 NY 117;[6] see also, Commonwealth to Use of Bradford County v Embody, 143 Pa Super 354, 360, 17 A2d 620, 622; United States v Pomeroy, 152 F 279, 280, read on other grounds sub nom. United States v New York Cent. & H.R.R. Co., 164 F 324).
The court finds that the fine in this case remains a criminal sentence and is not a civil judgment.[7]
*515 CPL 420.30
After reviewing the motion papers, the court by letter dated January 10, 2002 asked both parties to address the applicability of CPL 420.30 and an estate’s standing to make a motion pursuant thereto.[8] That statute as is relevant reads:
“Any superior court which has imposed a fine, restitution or reparation for any offense may, in its discretion, on five days notice to the district attorney of the county in which such fine, restitution or reparation was imposed and to each person otherwise required to be given notice of restitution or reparation pursuant to subdivision one of section 420.10, remit such fine, restitution or reparation or any portion thereof.” (CPL 420.30 [2] [a].)
The statute authorizes a court to remit a fine at any time, even after the judgment has become final.
Generally, rights are personal to the holder and cannot be vicariously asserted (see, Rakas v Illinois, 439 US 128, 133-134; Alderman v United States, 394 US 165; People v Hansen, 38 NY2d 17, 22). The estate is seeking to vicariously assert the defendant’s right to remission of the fine. The estate lacks standing to request remission pursuant to CPL 430.20.
Assuming that the court could entertain the estate’s motion, the court declines to exercise its discretion. The court does not believe that a person’s estate should be enriched or enhanced by monies that were earned through illegal activity. The deceased was selling prescriptions to patients. This unjustly enriched the estate.
The motion pursuant to CPL 420.30 is denied.
Claims Against an Estate
By letter dated January 10, 2002, the court asked both sides whether the proceeding commenced by the estate should be considered a proceeding to determine the validity of the People’s judgment and whether the Supreme Court should remit this matter to the Surrogate’s Court.[9]
Surrogate’s Court Procedure Act § 1809 provides that an estate may ask the court to determine the validity of a claim if *516 the claimant has not commenced an action to enforce the claim (compare, Estate of Balfe, 161 AD2d 1132, with Matter of Good-son, 231 AD2d 66).
This is exactly what the estate is requesting. The estate is in effect asking the court to declare that it need not pay the judgment which has been entered because it is no longer valid.
The court converts this proceeding into a proceeding pursuant to SCPA 1809.
Supreme Court’s Jurisdiction over the Claim
In general the Surrogate’s Court is the preferred forum to entertain claims against an estate (Pollicina v Misericordia Hosp. Med. Ctr., 82 NY2d 332, 339). However, the Supreme Court has concurrent jurisdiction with the Surrogate’s Court on all matters relating to a decedent or the estate (id. at 338-339; Matter of Malloy, 278 NY 429; Matter of Burns, 287 AD2d 862; Ruiz v Ruiz, 262 AD2d 392, 393).
In this case, the issue involves the possible modification or vacatur of a criminal sentence. As this cburt stated earlier in this decision, the judgment on the fine remains part of a criminal sentence. It is doubtful that the Surrogate’s Court has any authority to affect a criminal sentence (see, In re Stauch’s Estate, 451 Pa 288, 294-296, 301 A2d 615, 619-621 [dissenting op]). Further, the Supreme Court is more familiar than the Surrogate’s Court with the underlying criminal action which forms the basis of the claim.
The court therefore declines to exercise its discretion pursuant to CPLR 325 (e) and transfer the case to Surrogate’s Court.[10]
Abatement
To abate means to render a proceeding a nullity (People v Lipira, 621 P2d 1389, 1390 [Colo]; see also, Dollar Land Corp. v Woolworth Co., 48 AD2d 373, 376). The estate of the defendant seeks to render null the portion of the criminal judgment requiring the defendant to pay a fine and the judgment filed with the Kings County County Clerk.
The rule that an action abates with the death of a party is *517 one of antiquity (Matter of Storar, 52 NY2d 363, 370 n 1). The reason for the rule has been lost in antiquity (id.). The rule applies to both civil and criminal matters and in civil matters the rule has been statutorily restricted (id.).
In criminal matters, the rule is mostly applied when a defendant passes away during the pendency of an appeal from a conviction. Different jurisdictions have different rules when a defendant dies during the pendency of an appeal. In People v Robinson (298 Ill App 3d 866, 873-875, 699 NE2d 1086, 10901092, revd 187 Ill 2d 461, 719 NE2d 662),[11] the court observed:
“Research reveals that of the states that have addressed the issue, abatement ab initio continues to be the preferred disposition. Twenty-two states, including Illinois, as well as the District of Columbia, currently set aside the conviction as a matter of course. Only 14 states dismiss the appeal, leaving the conviction to stand. Eight states allow the appeal to continue by substitution for the defendant, but usually pursuant to court rule. It is clear from our review of the most recent cases, however, that the trend has been away from abating a deceased defendant’s conviction ab initio.”[12]
Thus, about half the states not only dismiss the appeal but also dismiss the indictment, vacating the conviction. Approximately half of the states either dismiss the appeal without vacating the conviction or permit it to continue by the appointment of a representative (see, Annotation, Abatement of State Criminal Case by Accused’s Death Pending Appeal of Conviction — Modern Cases, 80 ALR4th 189).
The rationale of abating the appeal and dismissing the indictment after the death of a defendant is that the defendant’s/deceased’s right to appeal has been violated (albeit not by the state) and the purpose of punishing a defendant no longer exists since the defendant is no longer available to be *518 punished (United States v Wright, 160 F3d 905, 908; State v Hoxsie, 570 NW2d 379, 380 [SD]).[13]
The rationale of the cases that dismiss the appeal but do not vacate the judgment is that after conviction and before appeal the presumption of innocence ceases to exist, there is a presumption of regularity of the conviction, the state has an interest in maintaining a conviction presumed to be validly obtained and the victim of the crime has an interest in knowing that the perpetrator has been convicted (People v Robinson, supra, 298 Ill App 3d 866, 699 NE2d 1086, revd 187 Ill 2d 461, 719 NE2d 662; State v Clements, 668 So 2d 980, 981 n 1; State v Makaila, 79 Haw 40, 43, 897 P2d 967, 970; State v McGetrick, 31 Ohio St 3d 138, 140-141, 509 NE2d 378, 381).
It is important to note that the United States Supreme Court has held that after conviction and before appeal the presumption of innocence ends (McCoy v Court of Appeals of Wis., Dist. 1, 486 US 429, 436; Herrera v Collins, 506 US 390, 396). Indeed, the Supreme Court of the United States has stated that after trial and before appeal there is a presumption of guilt (Schlup v Delo, 513 US 298, 326 n 42).
New York also agrees that once the jury has rendered its verdict the presumption of innocence ceases to exist (People v David, 266 AD2d 228, 229; People v Henderson, 259 AD2d 495, 496). New York also agrees that there is a presumption of regularity to criminal convictions (People v Dominique, 90 NY2d 880, 881; People v Harrison, 85 NY2d 794, 796; People v Harris, 61 NY2d 9, 16).
In this court’s opinion, the Court of Appeals has been inconsistent in its treatment of appeals where a person passes away pending appeal. In three cases the Court of Appeals dismissed the appeal and indictment or vacated a fine (People v Matteson, 75 NY2d 745, 747; Matter of Elm Realty v Office of Rent Control, 54 NY2d 650, 652; People v Mintz, 20 NY2d 753, 754, 770, 771). In many other cases the Court of Appeals’ reported remedial action is limited to dismissing the appeal and the cases fail to mention dismissal of the indictment or remand to the lower court for the purpose of dismissing the indictment (People v Marin, 88 NY2d 931; People v Craig, 78 NY2d 616, 625; People v Smith, 77 NY2d 985; People v Ortiz, 77 NY2d 821; People v *519 Coker, 73 NY2d 819; People v Ellis, 71 NY2d 1012; People v Parker, 71 NY2d 887).[14]
When the Court of Appeals abates a case and dismisses an indictment, the reason stated is because the defendant is no longer available to obey the court’s mandate (People v Matte-son, supra, 75 NY2d at 747; People v Mintz, supra, 20 NY2d at 754, 770, 771). The Court does not mention the fact that the defendant can no longer be punished. The Court does not state why this reason mandates dismissal of the indictment.
In this case, the defendant’s right to appeal has not been violated. The defendant was accorded all his statutory and constitutional rights regarding appeal before he passed away. Therefore, this reason is not a ground for abating the fine or the filed judgment in this case. This factor distinguishes this case from Elm Realty v Office of Rent Control (supra, 54 NY2d at 652).
In jurisdictions where the appeal and the indictment are dismissed upon death pending appeal, the courts that have addressed abatement of an uncollected fine after the judgment has become final (thus the indictment is not dismissed) vacate the fine (United States v Morton, 635 F2d 723; In re Stauch, supra, 451 Pa 288, 301 A2d 615; United States v Noel, 609 SW2d 740 [Tenn]). The rationale of these cases is that a fine is a form of punishment, and the defendant is no longer available to be punished (id., citing United States v Pomeroy, supra, 152 F 279).[15]
In jurisdictions where the appeal is abated but the conviction remains, the courts are divided as to whether a fine is rendered void by the death of the defendant (compare, People v Peters, 449 Mich 515, 537 NW2d 160, with State v Christensen, 866 P2d 533, 536 [Utah]). The theory of the case that holds that the fine does not abate is that since there is a valid conviction there is no reason why the fine cannot be paid (State v Christensen, supra, 866 P2d at 536 [Utah]). The Peters court adopts the Pomeroy rationale.
*520 This court holds that abating the fine in this case because a fine is generally considered punishment and the defendant is unavailable for punishment would be inappropriate because it ignores the facts of the case and the reason for the imposition of the fine.
Fines like other punishments serve a deterrent effect on others contemplating crimes (see, People v Suitte, 90 AD2d 80; People v Notey, 72 AD2d 279). The death of a defendant does not affect the deterrent effect of the fine.
More significant is the fact that one of the purposes of a fine in New York is to remove the profit from criminal behavior (see, People v Gittelson, 25 AD2d 265, 270, affd 18 NY2d 427; People v Erin Constr. Corp., 147 Misc 2d 158, 160; see also, People v Mature Enters., 35 NY2d 520).
It is a “fundamental equitable principle” that criminals do not profit from illegal activity and that a state has a right to insure that any monies received as a result of or because of illegal activity be forfeited (see, Simon & Schuster v Crime Victims Bd., 502 US 105; Simonds v Simonds, 45 NY2d 233, 241; see also, Riggs v Palmer, 115 NY 506).
In this case the defendant received $100 for each illegal sale of a prescription for a controlled substance. In the sentencing memorandum by the People, the People indicated that the defendant had written over 3,200 such prescriptions in a very short period of time. The sentencing court took this fact into consideration when deciding the proper amount of the fine.
The court finds that the fine in this case was based on the principle that a defendant should not profit from illegal activity. This court also holds that an estate of a person shall not profit from a decedent’s illegal activity.
The proceeding to determine the validity of a claim against the estate is adjudicated in favor of the People and the claim is declared valid. The estate is directed to pay the People the entire amount of the fine.
Mandatory Surcharge and Victim Assistance Fee
The court has found only one reported case that discusses the payment of court costs after death. In State v Keifer (24 Ohio Dec 321), the court held that while fines abate if a defendant dies during the pendency of an appeal, the estate is still liable for court costs. The rationale of the decision is that while a fine is punishment and the defendant can no longer be punished, court costs are not punishment and therefore do not abate.
*521 Using a similar rationale, courts have held that orders of restitution to victims do not abate with the death of the defendant whether the defendant passed away pending appeal or after the judgment.became final (United States v Christopher, 273 F3d 294; United States v Wright, supra, 160 F3d 905; United States v Mmahat, 106 F3d 89; United States v Dudley, 739 F2d 175; In re Kochekian, 175 BR 883; State v Christensen, supra, 866 P2d 533, 537; Matter of Estate of Vigliotto, 178 Ariz 67, 69, 870 P2d 1163, 1165).[16]
The purpose of the mandatory surcharge/crime victim assistance fee is to “shift costs of providing services to victims of crime from ‘law abiding taxpayers and toward those who commit crimes’ ” (People v Quinones, 95 NY2d 349, 352). In this way the mandatory surcharge/crime victim assistance fee resembles restitution in that the fees are for the benefit of innocent victims of crimes. As such, the fees should be similarly treated.
The court holds that the mandatory surcharge/victim assistance fees do not abate with the death of a defendant and are charges against his estate.

. The record is unclear as to what sentence, if any, the defendant received on the ninth count.

. The fact that the defendant was being prosecuted by the Federal Government provides no basis for the failure of the People to execute a valid judgment. It would also appear that the People have not attempted to make a claim against the deceased’s estate. No explanation is offered by the People, but the estate makes no claim of laches.

. In the estate’s letter dated January 23, 2002, the estate seems to abandon these provisions.

. CPLR 101 makes the CPLR applicable to “civil” cases. Thus, by statute it is inapplicable to “criminal” cases.

. In Owens, the court was required to decide whether a judgment based on a criminal fine would receive interest from the date the judgment was entered. Tennessee had a statute similar to CPL 420.10 (6). Civil judgments in Tennessee receive interest from the date of entry. The court held that the Tennessee statute did not convert the criminal fine into a civil judgment although it authorized collection in the same manner as a civil judgment, and therefore no interest was collectable. The People in this case, interestingly, do not ask for interest as of the date of entry. CPLR 5003 provides that a money judgment bears interest from the date of entry.

. This court finds that the Carr case is not controlling. In Carr, a private citizen commenced an action, which the Court of Appeals deemed to be criminal in nature. After the private person received a judgment against the defendant, the defendant passed away. The Court held that the entry of judgment created a private right which can be collected after death. This case is different since it was not prosecuted by a private person to vindicate a private wrong.

. The defendant’s claim that failure to give notice of entry of judgment violates due process is without merit. The defendant, when he committed the crime, is deemed to have known the law. When the defendant was sentenced *515 there was no reason to believe that he did not understand that the fine could be executed in the same manner as a civil judgment.

. This is the position of the estate in their letter dated January 23, 2002.

. This court’s research of cases outside of New York reveals that this is the procedural posture which other similar cases have presented. This is the People’s position in their letter dated February 28, 2002.

. The fact that for administrative purposes parts in this court are sometimes designated as criminal or civil does not alter the jurisdiction of a justice of the Supreme Court to hear both civil and criminal matters (see, People v Zimmer, 166 Misc 2d 256, 258-259). Indeed, many justices in Supreme Court, Kings County, preside over both civil and criminal matters.

. This court is not bound by the reversal of the decision by the Illinois highest court. The current quote has no bearing on the law. Nonetheless, this court feels (and will cite this case) that the court’s reasoning is superior to Illinois’ highest court.

. This court does not necessarily agree with the classification of the states by the court. As will be seen, this court finds New York law on the issue confizsing.

. The court will not list all jurisdictions and their reasons. The court has taken sample cases which it believes are representative of a particular viewpoint.

. This list is by no means exhaustive. A Shepardization of the Mintz case provides for many more cases. The list does not include dismissal of appeals where the Appellate Division reversed the conviction. This court has found some 15 cases in which the Court of Appeals dismissed the appeal but took no other remedial action.

. The United States Courts of Appeals have a rule that fines that are paid before death are not refunded, but fines that were not paid before the demise of the defendant are abated (United States v Zizzo, 120 F3d 1338— see there for a collection of cases).

. The court is aware of United States v Logal (106 F3d 1547) which held that restitution abates with the death of a defendant. However, the rationale of that case is inapplicable to this case. The reason for the Logal decision is since the proceedings abate and the indictment is dismissed there exists no conviction for the restitution order. In this case the conviction is not being vacated.